**MUCH SHELIST, P.C.**
Isaac R. Zfaty, State Bar No. 214987
Jonathan D. Yank, State Bar No. 215495
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
IZfaty@muchlaw.com
JYank@muchlaw.com
Telephone: 949.767.2200
Facsimile: 949.385.5355

Attorneys for Defendants NANO BANC
and ROBERT HASLER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| AXOS BANK, a federally charted savings bank;<br><br>                               Plaintiff,<br>vs.<br><br>NANO BANC, a California corporation; and DOES 1 through 10, inclusive,<br><br>                               Defendants. | Case No.:  5:19-cv-02092-JGB-SHKx<br><br>District Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Hon. Shashi H. Kewalramani<br><br>**DEFENDANTS NANO BANC AND ROBERT HASLER'S ANSWER TO PLAINTIFF AXOS BANK'S SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: October 31, 2019 |

---

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

1
2
3
4

Defendants NANO BANC and ROBERT HASLER (collectively, "Defendants") file this Answer to the Second Amended Complaint ("Complaint") of Plaintiff AXOS BANK ("Plaintiff" or "AXOS") and set forth their Affirmative Defenses as stated hereinafter.

5

## STATEMENT OF THE ACTION

6
7
8

1. In response to paragraph 1 of the Second Amended Complaint ("SAC"), Defendants admit that it is a California-chartered bank. Defendants deny the remaining allegations stated in this paragraph.

9
10
11

2. In response to paragraph 2 of the SAC, Defendant Robert Hasler ("Hasler") worked for Plaintiff Axos Bank, formally known as BofI Federal Bank ("AXOS") between 2012 and 2018.

12
13
14
15

3. In response to paragraph 3 of the SAC, Defendants admit that Hasler worked at AXOS from 2012 to 2018. Defendants admit that Hasler had various position and duties, including Vice President and Director of Business Development in the Specialty Deposit Division.

16
17
18
19

4. In response to paragraph 4 of the SAC, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business and business structure to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

20
21
22

5. In response to paragraph 5 of the SAC, Defendants admit that Shelby Martello (formerly Shelby Pond) ("Martello") worked at AXOS in 2012 and from 2014 to 2018.

23
24
25
26
27

6. In response to paragraph 6 of the SAC, Defendants admit that Martello had various position and duties while employed at AXOS. Defendants further admit having information and believe that Martello worked at AXOS as a Direct Banker, Inbound Direct Banker, and Business Development Relationship Manager, collaborating at times with the Specialty Deposit Division.

28

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

7. In response to paragraph 7 of the SAC, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business and business structure to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

8. In response to paragraph 8 of the SAC, Defendants admit that Troncale contacted Hasler in the early part of 2017, informing Hasler of his desire to form a bank and expressing that there might be an opportunity for Hasler should that occur. Defendants further admit that Troncale and Hasler had additional communications regarding these topics, including regarding potential investors and formation of the potential bank. In other respects, Defendants deny the allegations of this paragraph.

9. In response to paragraph 9 of the SAC, Defendants admit that, in the early part of 2017, while Martello was employed by Axos, Hasler communicated with Martello regarding the potential formation of a bank.  Because the phrase "involved in Nano Banc's formation" is vague and ambiguous, Defendants deny the associated assertion. In all other respects, Defendants lack knowledge or information sufficient to admit or deny the allegations of this paragraph and, based thereon, deny them.

10. In response to paragraph 10 of the SAC, Defendants admit the allegations.

11. In response to paragraph 11 of the SAC, Defendants admit the allegations.

12. In response to paragraph 12 of the SAC, Defendants lack knowledge or information sufficient to form a belief concerning Axos's action as described, and based thereon, deny the allegations regarding Axos assertedly "uncover[ing] information."  Defendants deny the remainder of this paragraph.

13. In response to paragraph 13 of the Complaint, Defendants deny they engaged in a "scheme."  Defendants further deny that this action is related to *Citizens Business Bank v. Nano Banc*, Case No.: 5:18-CV-02418-JGB-SHK, and a related arbitration against a former employee (collectively, "CBB Actions".)

**ANSWER TO SECOND AMENDED COMPLAINT**

14. In response to paragraph 14 of the SAC, Defendants deny the allegations.

15. In response to paragraph 15 of the SAC, Defendants deny the allegations.

16. In response to paragraph 16 of the SAC, Defendants deny the allegations.

17. In response to paragraph 17 of the SAC, Defendants deny the allegations.

18. In response to paragraph 18 of the SAC, Defendants deny the allegations.

19. In response to paragraph 19 of the SAC, Defendants admit that, close to the time Hasler resigned from AXOS, Michael Fortney resigned from the bank and that Martello was terminated. Defendants further admit that, around the time AXOS terminated Martello, she was in communication with individuals at Nano. Defendants deny the remaining allegations of this paragraph.

20. In response to paragraph 20 of the SAC, Defendants admit that Hasler communicated with some of his clients about his possible move to Nano, including broaching the possibility that such clients might be interested in making deposits at Nano. Defendants deny the remaining allegations of this paragraph.

21. In response to paragraph 21 of the SAC, Defendants admit that Hasler authored several emails containing the quoted verbiage prior to his departure from AXOS ("Ideally and hopefully you could put all or a good portion of the funds that are at BOFI with Nano, but whatever you want to do would be greatly appreciated"). Defendants deny the remaining allegations of this paragraph.

22. In response to paragraph 22 of the SAC, Defendants deny the allegations, and further deny they "succeeded" in any "scheme" involving Axos.

23. In response to paragraph 23, Defendants lacks knowledge or information sufficient to form a belief regarding Plaintiff's business and business structure to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

24. In response to paragraph 24 of the SAC, Defendants deny the allegations.

25. In response to paragraph 25 of the SAC, Defendants deny the allegations.

26. In response to paragraph 26 of the SAC, Defendants deny the allegations.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

27. In response to paragraph 27 of the SAC, Defendants deny the allegations.

28. In response to paragraph 28, Defendants deny that AXOS "suffered damage" as a result of any conduct of Defendant.

29. In response to paragraph 29 of the SAC, Defendants deny the allegations.

30. In response to paragraph 30, Defendants deny the allegations.  Defendant further deny it has "been on notice" as a result of the CBB Actions or the pending arbitration matter brought by Plaintiff against Robert Hasler.

31. In response to paragraph 31, Defendants deny the allegations.

## THE PARTIES

32. In response to paragraph 32, of the SAC, Defendants admit the allegations.

33. In response to paragraph 33 of the SAC, Defendants admit the allegations.

34. In response to paragraph 34, Defendants admit that Mark Troncale was, at relevant times, an employee and officer of Nano Banc.

35. In response to paragraph 35, Defendants admit that Hasler was, at relevant times, an employee of Nano Banc.

36. In response to paragraph 36, Defendants admit that Martello was, at relevant times, an employee of Nano Banc.

37. In response to paragraph 37, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendants, Defendants deny the same.

38.  In response to paragraph 38, Defendants admit that Hasler was, at relevant times, an employee of Defendant.  Defendants lack knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, deny the remaining allegations.

39. In response to paragraph 39 of the SAC, Defendants deny the allegations.

## JURISDICTION AND VENUE

40. In response to paragraph 40, Defendants admit that the Court has original

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

4

ANSWER TO SECOND AMENDED COMPLAINT

jurisdiction of this action as alleged by Plaintiff.

41. In response to paragraph 41 Defendants admit that the Court has supplemental jurisdiction of this action as alleged by Plaintiff.

42. In response to paragraph 42, Defendants admit that venue is proper in this judicial district.

43. In response to paragraph 43, Defendants admit the allegations as memorialized in Docket Entry 42.

44. In response to paragraph 44, Defendants admit that they are subject to personal jurisdiction in this Judicial District.

45. In response to paragraph 45, Defendant Nano Banc admits that the Court has general personal jurisdiction over Nano Banc.

46. In response to paragraph 46, Defendant Hasler admits he is a California resident.

47. In response to paragraph 47, Defendants admit that the Court has personal jurisdiction over them.  Defendants deny the remaining allegations in this paragraph, including that it misappropriated AXOS' trade secrets and caused harm to AXOS.

## CBB RELATED ACTION

48. In response to paragraph 48, Defendants admit the allegations.

49. In response to paragraph 49, Defendants deny the actions are related and further deny that they were engaged in any "scheme".

50. In response to paragraph 50, Defendants deny the CBB Actions are in anyway the "same" as of those asserted in this action.

51. In response to paragraph 51, Defendant Nano Banc admits the allegations.

## FACTUAL BACKGROUND

### AXOS and its Specialty Banking Group

52. In response to paragraph 52, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities and finances to

**ANSWER TO SECOND AMENDED COMPLAINT**

admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

53. In response to paragraph 53, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities and finances to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

54. In response to paragraph 54, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

55. In response to paragraph 55, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

56. In response to paragraph 56, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

57. In response to paragraph 57, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities and finances to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

58. In response to paragraph 58, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

59. In response to paragraph 59, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

60. In response to paragraph 60, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

61. In response to paragraph 61, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

62. In response to paragraph 62, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

63. In response to paragraph 63, Defendants admit that Hasler worked for Axos from 2012 to 2018.  Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the remaining allegations of this paragraph.

64. In response to paragraph 64 of the SAC, Defendants admit that Hasler worked at AXOS from 2012 to 2018.  Defendants admit that Hasler had various position and duties, including Vice President and Director of Business Development in the Specialty Deposit Division.

65. In response to paragraph 65, Defendants lack knowledge or information sufficient to form a belief regarding the information which Plaintiff contends are trade secrets, including the specific information being referenced, Plaintiff's efforts to create or collect such information and its efforts to preserve confidentiality, to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

**ANSWER TO SECOND AMENDED COMPLAINT**

66. In response to paragraph 66 of the SAC, Defendants admit that Martello worked at AXOS in 2012 and from 2014 to 2018.

67. In response to paragraph 67 of the SAC, Defendants admit that Martello had various position and duties while employed at AXOS.  Defendants further admit having information and believe that Martello worked at AXOS as a Direct Banker, Inbound Direct Banker, and Business Development Relationship Manager, collaborating at times with the Specialty Deposit Division.

68. In response to paragraph 68, Defendants lack knowledge or information sufficient to form a belief regarding the information which Plaintiff contends are trade secrets, including the specific information being referenced, Plaintiff's efforts to create or collect such information and its efforts to preserve confidentiality, to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

69. In response to paragraph 69, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

70. In response to paragraph 70, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Employee Confidentiality, Non-Disclosure, and Non-Recruiting Agreement (collectively "Non-Disclosure Agreement") to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

71. In response to paragraph 71, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

72. In response to paragraph 72, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

8

**ANSWER TO SECOND AMENDED COMPLAINT**

or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

73. In response to paragraph 73, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

74. In response to paragraph 74, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

75. In response to paragraph 75, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

76. In response to paragraph 76, Defendants lack knowledge or information sufficient to form a belief regarding Fortney's involvement, and based thereon, deny the allegations stated in this paragraph.

77. In response to paragraph 77, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

78. In response to paragraph 78, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

79. In response to paragraph 79, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

paragraph.

80. In response to paragraph 80, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

81. In response to paragraph 81, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's Confidentiality Agreement to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

82. In response to paragraph 82, Defendants lack knowledge or information sufficient to form a belief regarding the so-called "Axos/Hasler Agreements" to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

83. In response to paragraph 71, Defendants lack knowledge or information sufficient to form a belief regarding the so-called "Axos/Pond Agreements" to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

84. In response to paragraph 84, Defendants deny the allegations.

85. In response to paragraph 85, Defendants admit the allegations.

86. In response to paragraph 86, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's allegation, and on that basis deny the allegation. Defendant further deny it "began searching for soliciting key individuals" as alleged.

87. In response to paragraph 87, Defendants lack knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

88. In response to paragraph 88, Defendants admit the allegations to the extent that Defendant's principals included Mark Troncale and Mark Rebal.

89. In response to paragraph 89, Defendants lack knowledge or information sufficient to form a belief regarding alleged non-competition agreements that are not part of the complaint and on that basis, deny the allegations.

90. In response to paragraph 90, Defendants admit the allegations.

91. In response to paragraph 91, Defendants admit the allegations.

92. In response to paragraph 92, Defendants deny the allegations..

93. In response to paragraph 93, Defendants deny the allegations.

94. In response to paragraph 94, Defendants deny the allegations.

95. In response to paragraph 95, Defendants admit the allegations.

96. In response to paragraph 96, Defendants admit the allegations.

97. In response to paragraph 97, Defendants admit that Troncale contacted Hasler in the early part of 2017, informing Hasler of his desire to form a bank and expressing that there might be an opportunity for Hasler should that occur. Also in the early part of 2017, Hasler communicated with Martello regarding the potential formation of a bank.  Thereafter, Troncale, Hasler, and Martello were involved in additional communications.  Defendants deny that they were engaged in any "scheme," and they otherwise deny the allegations of this paragraph.

98. In response to paragraph 98, Defendants deny the allegations.

99. In response to paragraph 99, Defendants admit that Hasler sent an email on April 13, 2017, to seven (7) individuals, which included a reference to Hasler becoming "part of the C team."  Defendants otherwise deny the allegations of this paragraph.

100. In response to paragraph 100, Defendants admit that Hasler sent an email on April 13, 2017, to seven (7) individuals, which included the verbiage quoted in this paragraph. Defendants otherwise deny the allegations of this paragraph.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

11

**ANSWER TO SECOND AMENDED COMPLAINT**

101. In response to paragraph 101, Defendants admit that Troncale sent an email to Hasler on April 9, 2017, which included the phrase "lay under the radar. Then we take all their deposits." Defendants otherwise deny the allegations of this paragraph.

102. In response to paragraph 102, Defendants lack knowledge or information sufficient to form a belief regarding alleged non-competition agreements that are not part of the complaint and on that basis, deny the allegation.

103. In response to paragraph 103, Defendants lack knowledge or information sufficient to form a belief regarding the truth of Plaintiff's characterization of its "investigation," what it "determined," and what it believe was "shown," and on that basis Defendants deny the allegations. In all other respects, Defendants deny the allegations of this paragraph.

104. In response to paragraph 104, Defendants deny the allegations.

105. In response to paragraph 105, having denied the allegations in the preceding paragraph concerning alleged efforts by Nano Banc and its principals "to take a shortcut on the long road to building a successful start-up bank by stealing," Defendants deny the allegations of this paragraph, which asserts that a number of alleged events as part of "such efforts."

106. In response to paragraph 106, Defendants deny the allegations.

107. In response to paragraph 107, Defendants lack knowledge or information sufficient to form a belief regarding the truth of Plaintiff's characterization of its "investigation" and what it "demonstrated," and on that basis Defendants deny the allegations. In all other respects, Defendants deny the allegations of this paragraph.

108. In response to paragraph 108, Defendants admit that Hasler authored several emails containing the quoted verbiage prior to his departure from AXOS. Defendants deny the remaining allegations of this paragraph.

109. In response to paragraph 109, Defendants deny the allegations.

110. In response to paragraph 110, Defendants deny the allegations.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

111. In response to paragraph 111, Defendants deny the allegations.

112. In response to paragraph 112, Defendants deny the allegations.

113. In response to paragraph 113, Defendants admit the allegations to the extent that Hasler became employed by Nano Banc. Defendants deny the remaining allegations.

114. In response to paragraph 113, Defendants deny the allegations.

115. In response to paragraph 115, Defendants deny the allegations.

116. In response to paragraph 116, Defendants deny the allegations.

117. In response to paragraph 117, Defendants deny the allegations.

118. In response to paragraph 118, Defendants deny the allegations.

119. In response to paragraph 119, Defendants deny the allegations.

120. In response to paragraph 120, Defendants deny the allegations.

121. In response to paragraph 121, Defendants deny the allegations.

122. In response to paragraph 122, Defendants deny the allegations.

123. In response to paragraph 123, Defendants deny the allegations.

124. In response to paragraph 124, Defendants deny the allegations.

125. In response to paragraph 125, Defendants deny the allegations.

126.  In response to paragraph 126, Defendants deny the allegations.

127.  In response to paragraph 127, Defendants deny the allegations.

128. In response to paragraph 128, Defendants deny the allegations.

129. In response to paragraph 129, Defendants deny the allegations.

130. In response to paragraph 130, Defendants deny the allegations.

131. In response to paragraph 131, Defendants deny the allegations.

132. In response to paragraph 131, Defendants lack sufficient information to form a belief or understanding of what AXOS "previously kn[ew]" about any ostensible solicitations, and on that basis deny the related allegations.  In all other responds, Defendants deny the allegations of this paragraph.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

133. In response to paragraph 133, Defendants admit that Hasler authored a June 11, 2018, email containing the quoted verbiage.  Defendants otherwise deny the allegations of this paragraph.

134. In response to paragraph 134, Defendants admit that Robert authored an April 24, 2018, email containing the quoted verbiage.  Defendants otherwise deny the allegations of this paragraph.

135. In response to paragraph 135, Defendants admit that Hasler and Martello authored several emails containing the quoted verbiage. Defendants deny the remaining allegations of this paragraph.

136. In response to paragraph 136, Defendants admit that Hasler authored a June 15, 2018, email containing the quoted verbiage. Defendants deny the remaining allegations of this paragraph.

137. In response to paragraph 137, Defendants admit that Hasler authored a June 12, 2018, email containing the quoted verbiage. Defendants deny the remaining allegations of this paragraph.

138. In response to paragraph 138, Defendants deny the allegations.

139. In response to paragraph 139, Defendants deny the allegations.

140. In response to paragraph 140, Defendants deny the allegations.

141. In response to paragraph 141, Defendants admit that Troncale contacted Hasler in the early part of 2017, informing Hasler of his desire to form a bank and expressing that there might be an opportunity for Hasler should that occur. Defendants further admit that Troncale and Hasler had additional communications regarding these topics, including regarding potential investors and formation of the potential bank. In other respects, Defendants deny the allegations of this paragraph.

142. In response to paragraph 142, Defendants admit that Hasler contacted individuals about the potential formation of a bank, beginning in the early part of 2017. Defendants otherwise deny the allegations of this paragraph.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

143. In response to paragraph 143, Defendants admit that, in the early part of 2017, while Martello was employed by Axos, Hasler communicated with Martello regarding the potential formation of a bank. In all other respects, Defendants deny the allegations of this paragraph.

144. In response to paragraph 144, Defendants deny the allegations.

145. In response to paragraph 145, Defendants deny the allegations.

146. In response to paragraph 146, Defendants deny the allegations.

147. In response to paragraph 147, Defendants deny the allegations.

148. In response to paragraph 148, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

149. In response to paragraph 149, Defendants admit the allegations to the extent that Fortney was employed by Defendants.  Defendants lack the information necessary with regards to Plaintiff's practices and on that basis deny the remainder of the allegations.

150. In response to paragraph 150, Defendants deny the allegations.

151. In response to paragraph 151, Defendants admit the allegations to the extent that Martello was employed by Defendant.  Defendants lack the information necessary with regards to Plaintiff's practices and on that basis deny allegations relating to such practices.  Regarding allegations concerning alleged recruitment and those incorporating matters "discussed further above," Defendants refer to an incorporate their responses above.

152. In response to paragraph 152, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendants, Defendants deny the same.

153. In response to paragraph 153, Defendants lack information necessary to

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

admit or deny what AXOS's "investigation has shown" and its "information and belief," and on that basis denies the allegations relating to the same. Defendants deny the remaining allegations of this paragraph.

154. In response to paragraph 154, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required. To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same. Defendant further deny that it "interfered" with Plaintiff's ability to conduct business.

155. In response to paragraph 155, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required. To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same. Defendant further deny that there was a "coordinated effort" as alleged.

156. In response to paragraph 156, Defendants admit the first sentence. Defendants otherwise lack sufficient knowledge to admit or deny the veracity of the allegations of this paragraph and, on that basis, denies them.

157. In response to paragraph 157, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required. To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

158. In response to paragraph 158, Defendants deny the allegations. Defendants expressly deny any insinuation of impropriety on their part.

159. In response to paragraph 159, Defendants admit the first sentence. Defendants otherwise lack sufficient knowledge to admit or deny the veracity of the allegations of this paragraph and, on that basis, denies them. Defendants expressly deny any insinuation of impropriety on their part.

160. In response to paragraph 160, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required, and on that basis

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

denies the allegations.

161. In response to paragraph 161, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

162. In response to paragraph 162, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

163. In response to paragraph 163, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

164. In response to paragraph 164, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

165. In response to paragraph 165, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

166. In response to paragraph 166, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendants deny the same.

## FIRST CLAIM

### (Misappropriation of Trade Secrets – 18 U.S.C. § 1836)

167. In response to paragraph 167, Defendants reincorporate by reference its

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

responses to the allegations in paragraphs 1-167 as if fully set forth herein.

168. In response to paragraph 168, Defendants deny the allegations to the extent that Defendants deny that there is any actionable claim stated by Plaintiff.

169. In response to paragraph 169, Defendants lack knowledge or information sufficient to form a belief regarding the information AXOS claims is "valuable confidential and property information and trade secrets" to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

170. In response to paragraph 170, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

171. In response to paragraph 171, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

172. In response to paragraph 172, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

173. In response to paragraph 173, Defendants deny the allegations.

174. In response to paragraph 174, Defendants deny the allegations.

175. In response to paragraph 175, Defendants deny the allegations.

176. In response to paragraph 176, Defendants deny the allegations.

177. In response to paragraph 177, Defendants deny the allegations.

178. In response to paragraph 178, Defendants deny the allegations.

179. In response to paragraph 179, Defendants deny the allegations.

180. In response to paragraph 180, Defendants deny the allegations.

181. In response to paragraph 181, Defendants deny the allegations.

182. In response to paragraph 182, Defendants deny the allegations.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

## SECOND CLAIM

### (Misappropriation of Trade Secrets – California Civil Code § 3426.1, et seq.)

183. In response to paragraph 183, Defendants reincorporates by reference its responses to the allegations in paragraphs 1-182 as if fully set forth herein.

184. In response to paragraph 184, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

185. In response to paragraph 185, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

186. In response to paragraph 186, Defendants deny the allegations.

187. In response to paragraph 187, Defendants deny the allegations.

188. In response to paragraph 188, Defendants deny the allegations.

189. In response to paragraph 189, Defendants deny the allegations.

190. In response to paragraph 190, Defendants deny the allegations.

191. In response to paragraph 191, Defendants deny the allegations.

192. In response to paragraph 192, Defendants deny the allegations.

193. In response to paragraph 193, Defendants deny the allegations.

194. In response to paragraph 194, Defendants deny the allegations.

## THIRD CLAIM

### (Intentional Interference with Contractual Relations)

195. In response to paragraph 195, Defendants reincorporates by reference their responses to paragraphs 1-194, as if fully set forth herein.

196. In response to paragraph 196, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

197. In response to paragraph 197, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

based thereon, deny the allegations stated in this paragraph.

198. In response to paragraph 198, Defendants deny the allegations.

199. In response to paragraph 199, Defendants deny the allegation.

200. In response to paragraph 200, Defendants deny the allegations.

201. In response to paragraph 201, Defendants deny the allegations.

202. In response to paragraph 202, Defendants deny the allegations.

203. In response to paragraph 203, Defendants deny the allegations.

204. In response to paragraph 204, Defendants deny the allegations.

205. In response to paragraph 205, Defendants deny the allegations.

206. In response to paragraph 206, Defendants deny the allegations and deny they interfered with AXOS's employment relations.

## FOURTH CLAIM

### (Intentional Interference with Prospective Economic Advantage)

207. In response to paragraph 207, Defendants reincorporate by reference their responses to the allegations in paragraphs 1-206 as if fully set forth herein.

208. In response to paragraph 208, Defendants lack knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, deny the remaining allegations.

209. In response to paragraph 209, Defendants lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

210. In response to paragraph 210, Defendants deny the allegations.

211. In response to paragraph 211Defendants admit that it was aware that that Fortney, Martello, and Hasler had been employed by AXOS.  Defendants lack knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, deny the remaining allegations.

212. In response to paragraph 212, Defendants deny the allegations.

213. In response to paragraph 213, Defendants deny the allegations.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

214. In response to paragraph 214, Defendants deny the allegations.

215. In response to paragraph 215, Defendants deny the allegations.

### FIFTH CLAIM

**(Negligent Interference with Prospective Economic Advantage)**

216. In response to paragraph 216, Defendants reincorporate by reference their responses to the allegations in paragraphs 1-215 as if fully set forth herein.

217. In response to paragraph 217, Defendants lack knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, deny the remaining allegations.

218. In response to paragraph 218, Defendants lack knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, deny the allegations stated in this paragraph.

219. In response to paragraph 219, Defendants lack knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, deny the remaining allegations.

220. In response to paragraph 220, Defendants deny the allegations.

221. In response to paragraph 221, Defendants deny the allegations.

### SIXTH CLAIM

**(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)**

222. In response to paragraph 222, Defendants reincorporate by reference its responses to the allegations in paragraphs 1-221as if fully set forth herein.

223. In response to paragraph 223, Defendants deny the allegations.

224. In response to paragraph 224, Defendants deny the allegations.

225. In response to paragraph 225, Defendants deny the allegations.

### AFFIRMATIVE DEFENSES

Defendants NANO BANC and ROBERT HASLER allege the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint:

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendants allege that the First Amended Complaint, and each cause of action set forth therein fails to state a claim against Defendants and further fails to state facts sufficient to constitute a cause of action against Defendants pursuant to Federal Rules of Civil Procedure 9, 12(b)(6) and other applicable law.

## SECOND AFFIRMATIVE DEFENSE

### (Information Was Readily Ascertainable by Proper Means)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendants allege that the information which Plaintiff alleges was proprietary or confidential were readily ascertainable by proper means.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendants allege that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendants allege that Plaintiff failed to mitigate Plaintiff's damages, if any, such that Defendants' liability for Plaintiff's

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

alleged damages, if any (and which Defendants deny), should be diminished to the extent of Plaintiff's failure to mitigate.

## FIFTH AFFIRMATIVE DEFENSE

### (No Proximate Cause Regarding Damages)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendants allege that even assuming *arguendo* that Defendant was negligent with regard to any of the events set forth in the First Amended Complaint, which Defendants deny as set forth herein, that said negligence did not serve as any proximate cause of any damages Plaintiff may have sustained.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendants allege that Plaintiff has not suffered any damages at the hands of Defendants and/or because of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendants allege that Plaintiff is not entitled to recover attorney's fees in this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendants, without admitting that the First Amended Complaint states a claim, alleges that Plaintiff's alleged

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

remedies are limited to the extent that Plaintiff seeks overlapping and duplicative recovery.

### NINTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendants allege that the First Amended Complaint, as well as each cause of action set forth therein, is barred by the applicable statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendants allege that the First Amended Complaint and each cause of action therein are stated in conclusory terms, and therefore Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to add and allege additional affirmative defenses at a later point in this litigation (including, but not limited to, after further investigation and/or discovery), if and to the extent that such affirmative defenses are applicable to this action.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief and judgment as follows:

1. That the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Defendants' favor and against Plaintiff;

2. That the Court award Defendants their costs and expenses incurred in this action, as well as attorney's fees as permitted by law, plus interest; and

3. That the Court award Defendants such other and further relief that it deems appropriate.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury for all issues so triable.

Dated: May 5, 2023

MUCH SHELIST, P.C.

*/s/ Isaac R. Zfaty*

_____

ISAAC R. ZFATY
JONATHAN YANK
Attorneys for Defendants
NANO BANC and ROBERT HASLER

**ANSWER TO SECOND AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on May 5, 2023, I served by email a copy of the attached document, **DEFENDANTS NANO BANC AND ROBERT HASLER'S ANSWER TO PLAINTIFF AXOS BANK'S SECOND AMENDED COMPLAINT** on the following attorneys/parties:

> K & L GATES LLP
> Christina N. Goodrich
> christina.goodrich@klgates.com
> Zachary T. Timm
> zachary.timm@klgates.com
> Trevor J. Wynn
> trevor.wynn@klgates.com
> 10100 Santa Monica Blvd. 8th Floor
> Los Angeles, CA 90067
> Attorneys for Plaintiff AXOS BANK

Executed on May 5, 2023 at Newport Beach, California.

*/s/Jacqueline Nguyen*
Jacqueline Nguyen

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**