1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MUCH SHELIST, P.C.**
Isaac R. Zfaty, State Bar No. 214987
Jonathan D. Yank, State Bar No. 215495
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
IZfaty@muchlaw.com
JYank@muchlaw.com
Telephone: 949.767.2200
Facsimile: 949.385.5355

Attorneys for Defendants NANO BANC,
ROBERT HASLER, MARK TRONCALE, and SHELBY MARTELLO

MUCH SHELIST, P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| AXOS BANK, a federally charted savings bank;<br><br>                              Plaintiff,<br><br>vs.<br><br>NANO BANC, a California corporation; ROBERT HASLER, an individual; MARK TRONCALE, an individual; SHELBY POND, an individual; and DOES 1 through 10, inclusive,<br><br>                              Defendants. | Case No.:  5:19-cv-02092-JGB-SHKx<br><br>District Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Hon. Shashi H. Kewalramani<br><br>**DEFENDANT SHELBY MARTELLO, FORMERLY KNOWN AS AND ERRONEOUSLY SUED HEREIN AS SHELBY POND'S ANSWER TO PLAINTIFF AXOS BANK'S SECOND AMENDED COMPLAINT**<br><br>Complaint Filed: October 31, 2019 |

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

Defendant SHELBY MARTELLO, formerly known and erroneously sued as SHELBY POND ("Defendant") files this Answer to the Second Amended Complaint ("Complaint") of Plaintiff AXOS BANK ("Plaintiff" or "AXOS") and set forth her Affirmative Defenses as stated hereinafter.

## STATEMENT OF THE ACTION

1. In response to paragraph 1 of the Second Amended Complaint ("SAC"), Defendant admits that Defendant Nano Banc ("Nano") is a California-chartered bank. Further Defendant admits that she was an employee of Nano. Defendant denies the remaining allegations stated in this paragraph.

2. In response to paragraph 2 of the SAC, Defendant admits that Defendant Robert Hasler ("Hasler") worked for Plaintiff AXOS Bank, formally known as BofI Federal Bank ("AXOS") between 2012 and 2018.

3. In response to paragraph 3 of the SAC, Defendant admits that Hasler worked at AXOS from 2012 to 2018.  Defendant further admits having information and believe that Hasler worked at AXOS and had various position and duties, including Vice President and Director of Business Development in the Specialty Deposit Division.

4. In response to paragraph 4 of the SAC, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business and business structure to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

5. In response to paragraph 5 of the SAC, Defendant admits that she, Shelby Martello (formerly Shelby Pond) ("Martello") worked at AXOS in 2012 and from 2014 to 2018.

6. In response to paragraph 6 of the SAC, Defendant admits that she had various positions and duties while employed at AXOS.  Defendant further admits that she worked at AXOS as a Direct Banker, Inbound Direct Banker, and Business Development Relationship Manager, collaborating at times with the Specialty

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

Deposit Division.

7. In response to paragraph 7 of the SAC, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business and business structure to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

8. In response to paragraph 8 of the SAC, Defendant admits that Defendant Mark Troncale ("Troncale") contacted Hasler in the early part of 2017, informing Hasler of his desire to form a bank and expressing that there might be an opportunity for Hasler should that occur. In other respects, Defendant denies the allegations of this paragraph.

9. In response to paragraph 9 of the SAC, Defendant admits that, in the early part of 2017, while Martello was employed by AXOS, Hasler communicated with Martello regarding the potential formation of a bank.  Because the phrase "involved in Nano Banc's formation" is vague and ambiguous, Defendant denies the associated assertion. In all other respects, Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph and based thereon, denies them.

10. In response to paragraph 10 of the SAC, Defendant admits the allegations.

11. In response to paragraph 11 of the SAC, Defendant admits the allegations.

12. In response to paragraph 12 of the SAC, Defendant lacks knowledge or information sufficient to form a belief concerning AXOS's action as described, and based thereon, deny the allegations regarding AXOS assertedly "uncover[ing] information."  Defendant denies the remainder of this paragraph.

13. In response to paragraph 13 of the Complaint, Defendant denies Nano engaged in a "scheme."  Defendant further denies that this action is related to *Citizens Business Bank v. Nano Banc*, Case No.: 5:18-CV-02418-JGB-SHK, and a related arbitration against Nano's former employee (collectively, "CBB Actions".)

14. In response to paragraph 14 of the SAC, Defendant denies the allegations.

2

**ANSWER TO SECOND AMENDED COMPLAINT**

15. In response to paragraph 15 of the SAC, Defendant denies the allegations.

16. In response to paragraph 16 of the SAC, Defendant denies the allegations.

17. In response to paragraph 17 of the SAC, Defendant denies the allegations.

18. In response to paragraph 18 of the SAC, Defendant denies the allegations.

19. In response to paragraph 19 of the SAC, Defendant admits that close to the time Hasler resigned from AXOS, Michael Fortney resigned from the bank and that Martello was terminated. Defendant further admits that, around the time AXOS terminated Martello, she was in communication with individuals at Nano. Defendant denies the remaining allegations of this paragraph.

20. In response to paragraph 20 of the SAC, Defendant admits that Hasler communicated with some of his clients about his possible move to Nano, including broaching the possibility that such clients might be interested in making deposits at Nano. Defendant denies the remaining allegations of this paragraph.

21. In response to paragraph 21 of the SAC, Defendant admits that Hasler authored several emails containing the quoted verbiage prior to his departure from AXOS ("Ideally and hopefully you could put all or a good portion of the funds that are at BOFI with Nano, but whatever you want to do would be greatly appreciated"). Defendant denies the remaining allegations of this paragraph.

22. In response to paragraph 22 of the SAC, Defendant denies the allegations, and further deny that Nano "succeeded" in any "scheme" involving AXOS.

23. In response to paragraph 23, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business and business structure to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

24. In response to paragraph 24 of the SAC, Defendant denies the allegations.

25. In response to paragraph 25 of the SAC, Defendant denies the allegations.

26. In response to paragraph 26 of the SAC, Defendant denies the allegations.

27. In response to paragraph 27 of the SAC, Defendant denies the allegations.

ANSWER TO SECOND AMENDED COMPLAINT

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

28. In response to paragraph 28, Defendant denies that AXOS "suffered damage" as a result of any conduct of Defendant.

29. In response to paragraph 29 of the SAC, Defendant denies the allegations.

30. In response to paragraph 30, Defendant denies the allegations. Defendant further denies that she has "been on notice" as a result of the CBB Actions or the pending arbitration matter brought by Plaintiff against Hasler.

31. In response to paragraph 31, Defendant denies the allegations.

## THE PARTIES

32. In response to paragraph 32 of the SAC, Defendant admits the allegations.

33. In response to paragraph 33 of the SAC, Defendant admits the allegations.

34. In response to paragraph 34, Defendant admits that Troncale was, at relevant times, an employee and officer of Nano Banc.

35. In response to paragraph 35, Defendant admits that Hasler was, at relevant times, an employee of Nano Banc.

36. In response to paragraph 36, Defendant admits that she was, at relevant times, an employee of Nano Banc.

37. In response to paragraph 37, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required. To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

38. In response to paragraph 38, Defendant admits that Hasler was, at relevant times, an employee of NANO BANC. Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, denies the remaining allegations.

39. In response to paragraph 39 of the SAC, Defendant denies the allegations.

## JURISDICTION AND VENUE

40. In response to paragraph 40, Defendant admits that the Court has original jurisdiction of this action as alleged by Plaintiff.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

4

**ANSWER TO SECOND AMENDED COMPLAINT**

41. In response to paragraph 41 Defendant admits that the Court has supplemental jurisdiction of this action as alleged by Plaintiff.

42. In response to paragraph 42, Defendant admits that venue is proper in this judicial district.

43. In response to paragraph 43, Defendant admits the allegations as memorialized in Docket Entry 42.

44. In response to paragraph 44, Defendant admits that she is subject to personal jurisdiction in this Judicial District.

45. In response to paragraph 45, Defendant admits that the Court has general personal jurisdiction over Nano Banc.

46. In response to paragraph 46, Defendant admits that Hasler is a California resident.

47. In response to paragraph 47, Defendant admits that the Court has personal jurisdiction over her.  Defendant denies the remaining allegations in this paragraph, including that she misappropriated AXOS' trade secrets and caused harm to AXOS.

## CBB RELATED ACTION

48. In response to paragraph 48, Defendant admits the allegations.

49. In response to paragraph 49, Defendant denies the actions are related and further deny that they were engaged in any "scheme".

50. In response to paragraph 50, Defendant denies the CBB Actions are in anyway the "same" as of those asserted in this action.

51. In response to paragraph 51, Defendant Nano Banc admits the allegations.

## FACTUAL BACKGROUND

### AXOS and its Specialty Banking Group

52. In response to paragraph 52, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities and finances to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

5

53. In response to paragraph 53, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities and finances to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

54. In response to paragraph 54, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

55. In response to paragraph 55, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

56. In response to paragraph 56, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

57. In response to paragraph 57, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities and finances to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

58. In response to paragraph 58, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

59. In response to paragraph 59, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

60. In response to paragraph 60, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

61. In response to paragraph 61, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

62. In response to paragraph 62, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

63. In response to paragraph 63, Defendant admits that Hasler worked for AXOS from 2012 to 2018.  Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the remaining allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

64. In response to paragraph 64 of the SAC, Defendant admits that Hasler worked at AXOS from 2012 to 2018.  Defendant admits that Hasler had various position and duties, including Vice President and Director of Business Development in the Specialty Deposit Division.

65. In response to paragraph 65, Defendant lacks knowledge or information sufficient to form a belief regarding the information which Plaintiff contends are trade secrets, including the specific information being referenced, Plaintiff's efforts to create or collect such information and its efforts to preserve confidentiality, to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

66. In response to paragraph 66 of the SAC, Defendant admits that she worked

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

at AXOS in 2012 and from 2014 to 2018.

67. In response to paragraph 67 of the SAC, Defendant admits that Martello had various positions and duties while employed at AXOS.  Defendant further admits that she worked at AXOS as a Direct Banker, Inbound Direct Banker, and Business Development Relationship Manager, collaborating at times with the Specialty Deposit Division.

68. In response to paragraph 68, Defendant lacks knowledge or information sufficient to form a belief regarding the information which Plaintiff contends are trade secrets, including the specific information being referenced, Plaintiff's efforts to create or collect such information and its efforts to preserve confidentiality, to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

69. In response to paragraph 69, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

70. In response to paragraph 70, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Employee Confidentiality, Non-Disclosure, and Non-Recruiting Agreement (collectively "Non-Disclosure Agreement") to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

71. In response to paragraph 71, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

72. In response to paragraph 72, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, denies the allegations

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

stated in this paragraph.

73. In response to paragraph 73, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

74. In response to paragraph 74, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

75. In response to paragraph 75, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Non-Disclosure Agreement to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

76. In response to paragraph 76, Defendant lacks knowledge or information sufficient to form a belief regarding Fortney's involvement, and based thereon, denies the allegations stated in this paragraph.

77. In response to paragraph 77, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

78. In response to paragraph 78, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

79. In response to paragraph 79, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

80. In response to paragraph 80, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Pay Plan to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

81. In response to paragraph 81, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's Confidentiality Agreement to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

82. In response to paragraph 82, Defendant lacks knowledge or information sufficient to form a belief regarding the so-called "Axos/Hasler Agreements" to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

83. In response to paragraph 71, Defendant lacks knowledge or information sufficient to form a belief regarding the so-called "Axos/Pond Agreements" to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

84. In response to paragraph 84, Defendant denies the allegations.

85. In response to paragraph 85, Defendant admits the allegations.

86. In response to paragraph 86, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's allegation, and on that basis denies the allegations stated in this paragraph.

87. In response to paragraph 87, Defendant lacks knowledge or information sufficient to form a belief regarding Plaintiff's business activities to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

88. In response to paragraph 88, Defendant admits the allegations to the extent that Defendant's principals included Troncale and Mark Rebal.

89. In response to paragraph 89, Defendant lacks knowledge or information

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

1 sufficient to form a belief regarding alleged non-competition agreements that are
2 not part of the complaint and on that basis, denies the allegations.

3    90. In response to paragraph 90, Defendant admits the allegations.

4    91. In response to paragraph 91, Defendant admits the allegations.

5    92. In response to paragraph 92, Defendant denies the allegations.

6    93. In response to paragraph 93, Defendant denies the allegations.

7    94. In response to paragraph 94, Defendant denies the allegations.

8    95. In response to paragraph 95, Defendant admits the allegations.

9    96. In response to paragraph 96, Defendant admits the allegations.

10    97. In response to paragraph 97, Defendant admits that Troncale contacted
11 Hasler in the early part of 2017, informing Hasler of his desire to form a bank and
12 expressing that there might be an opportunity for Hasler should that occur.
13 Thereafter, Troncale, Hasler, and Martello were involved in additional
14 communications. Defendant denies that she was engaged in any "scheme," and she
15 otherwise denies the allegations of this paragraph.

16    98. In response to paragraph 98, Defendant denies the allegations.

17    99. In response to paragraph 99, Defendant admits that Hasler sent an email on
18 April 13, 2017, to seven (7) individuals, which included a reference to Hasler
19 becoming "part of the C team." Defendant otherwise denies the allegations of this
20 paragraph.

21    100. In response to paragraph 100, Defendant admits that Hasler sent an email
22 on April 13, 2017, to seven (7) individuals, which included the verbiage quoted in
23 this paragraph. Defendant otherwise denies the allegations of this paragraph.

24    101. In response to paragraph 101, Defendant admits that Troncale sent an email
25 to Hasler on April 9, 2017, which included the phrase "lay under the radar. Then
26 we take all their deposits." Defendant otherwise denies the allegations of this
27 paragraph.

28    102. In response to paragraph 102, Defendant lacks knowledge or information

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

11

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

1  sufficient to form a belief regarding alleged non-competition agreements that are

2  not part of the complaint and on that basis, denies the allegation.

3      103. In response to paragraph 103, Defendant lacks knowledge or information

4  sufficient to form a belief regarding the truth of Plaintiff's characterization of its

5  "investigation," what it "determined," and what it believe was "shown," and on that

6  basis Defendant deny the allegations. In all other respects, Defendant denies the

7  allegations of this paragraph.

8      104. In response to paragraph 104, Defendant denies the allegations.

9      105. In response to paragraph 105, having denied the allegations in the

10  preceding paragraph concerning alleged efforts by Nano Banc and its principals "to

11  take a shortcut on the long road to building a successful start-up bank by stealing,"

12  Defendant denies the allegations of this paragraph, which asserts that a number of

13  alleged events as part of "such efforts."

14      106. In response to paragraph 106, Defendant denies the allegations.

15      107. In response to paragraph 107, Defendant lacks knowledge or information

16  sufficient to form a belief regarding the truth of Plaintiff's characterization of its

17  "investigation" and what it "demonstrated," and on that basis Defendant denies the

18  allegations. In all other respects, Defendant denies the allegations of this paragraph.

19      108. In response to paragraph 108, Defendant admits that Hasler authored

20  several emails containing the quoted verbiage prior to his departure from AXOS.

21  Defendant denies the remaining allegations of this paragraph.

22      109. In response to paragraph 109, Defendant denies the allegations.

23      110. In response to paragraph 110, Defendant denies the allegations.

24      111. In response to paragraph 111, Defendant denies the allegations.

25      112. In response to paragraph 112, Defendant denies the allegations.

26      113. In response to paragraph 113, Defendant admits the allegations to the

27  extent that Hasler became employed by Nano Banc. Defendant denies the

28  remaining allegations.

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

114. In response to paragraph 113, Defendant denies the allegations.

115. In response to paragraph 115, Defendant denies the allegations.

116. In response to paragraph 116, Defendant denies the allegations.

117. In response to paragraph 117, Defendant denies the allegations.

118. In response to paragraph 118, Defendant denies the allegations.

119. In response to paragraph 119, Defendant denies the allegations.

120. In response to paragraph 120, Defendant denies the allegations.

121. In response to paragraph 121, Defendant denies the allegations.

122. In response to paragraph 122, Defendant denies the allegations.

123. In response to paragraph 123, Defendant denies the allegations.

124. In response to paragraph 124, Defendant denies the allegations.

125. In response to paragraph 125, Defendant denies the allegations.

126. In response to paragraph 126, Defendant denies the allegations.

127. In response to paragraph 127, Defendant denies the allegations.

128. In response to paragraph 128, Defendant denies the allegations.

129. In response to paragraph 129, Defendant denies the allegations.

130. In response to paragraph 130, Defendant denies the allegations.

131. In response to paragraph 131, Defendant denies the allegations.

132. In response to paragraph 132, Defendant lacks sufficient information to form a belief or understanding of what AXOS "previously kn[ew]" about any ostensible solicitations, and on that basis deny the related allegations.  In all other responds, Defendant denies the allegations of this paragraph.

133. In response to paragraph 133, Defendant admits that Hasler authored a June 11, 2018, email containing the quoted verbiage.  Defendant otherwise denies the allegations of this paragraph.

134. In response to paragraph 134, Defendant admits that Hasler authored an April 24, 2018, email containing the quoted verbiage.  Defendant otherwise denies the allegations of this paragraph.

**ANSWER TO SECOND AMENDED COMPLAINT**

135. In response to paragraph 135, Defendant admits that she and Hasler authored several emails containing the quoted verbiage. Defendant denies the remaining allegations of this paragraph.

136. In response to paragraph 136, Defendant admits that Hasler authored a June 15, 2018, email containing the quoted verbiage. Defendant denies the remaining allegations of this paragraph.

137. In response to paragraph 137, Defendant admits that Hasler authored a June 12, 2018, email containing the quoted verbiage. Defendant denies the remaining allegations of this paragraph.

138. In response to paragraph 138, Defendant denies the allegations.

139. In response to paragraph 139, Defendant denies the allegations.

140. In response to paragraph 140, Defendant denies the allegations.

141. In response to paragraph 141, Defendant admits that Troncale contacted Hasler in the early part of 2017, informing Hasler of his desire to form a bank and expressing that there might be an opportunity for Hasler should that occur. In other respects, Defendant denies the allegations of this paragraph.

142. In response to paragraph 142, Defendant admits that Hasler contacted individuals about the potential formation of a bank, beginning in the early part of 2017. Defendant otherwise denies the allegations of this paragraph.

143. In response to paragraph 143, Defendant admits that, in the early part of 2017, while she was employed by AXOS, Hasler communicated with her regarding the potential formation of a bank. In all other respects, Defendant denies the allegations of this paragraph.

144. In response to paragraph 144, Defendant denies the allegations.

145. In response to paragraph 145, Defendant denies the allegations.

146. In response to paragraph 146, Defendant denies the allegations.

147. In response to paragraph 147, Defendant denies the allegations.

148. In response to paragraph 148, the allegations of this paragraph set forth

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

149. In response to paragraph 149, Defendant admits the allegations to the extent that Fortney was employed by Nano Banc.  Defendant lacks the information necessary with regards to Plaintiff's practices and on that basis denies the remainder of the allegations.

150. In response to paragraph 150, Defendant denies the allegations.

151. In response to paragraph 151, Defendant admits the allegations to the extent that she was employed by Nano Banc.  Defendant lacks the information necessary with regards to Plaintiff's practices and on that basis deny allegations relating to such practices.  Regarding allegations concerning alleged recruitment and those incorporating matters "discussed further above," Defendant refer to an incorporate her responses above.

152. In response to paragraph 152, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

153. In response to paragraph 153, Defendant lacks information necessary to admit or deny what AXOS's "investigation has shown" and its "information and belief," and on that basis denies the allegations relating to the same.  Defendant denies the remaining allegations of this paragraph.

154. In response to paragraph 154, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

155. In response to paragraph 155, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

allegations are deemed to state factual allegations against Defendant, Defendant denies the same.  Defendant further denies that there was a "coordinated effort" as alleged.

156. In response to paragraph 156, Defendant admits the first sentence. Defendant otherwise lacks sufficient knowledge to admit or deny the veracity of the allegations of this paragraph and, on that basis, denies them.

157. In response to paragraph 157, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

158. In response to paragraph 158, Defendant denies the allegations.  Defendant expressly denies any insinuation of impropriety on her part.

159. In response to paragraph 159, Defendant admits the first sentence. Defendant otherwise lacks sufficient knowledge to admit or deny the veracity of the allegations of this paragraph and, on that basis, denies them. Defendant expressly denies any insinuation of impropriety on her part.

160. In response to paragraph 160, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required, and on that basis Defendant denies the allegations.

161. In response to paragraph 161, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

162. In response to paragraph 162, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

163. In response to paragraph 163, the allegations of this paragraph set forth

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

164. In response to paragraph 164, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

165. In response to paragraph 165, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

166. In response to paragraph 166, the allegations of this paragraph set forth conclusions to which no admission or denial of fact is required.  To the extent said allegations are deemed to state factual allegations against Defendant, Defendant denies the same.

## FIRST CLAIM

## (Misappropriation of Trade Secrets – 18 U.S.C. § 1836)

167. In response to paragraph 167, Defendant reincorporate by reference her responses to the allegations in paragraphs 1-167 as if fully set forth herein.

168. In response to paragraph 168, Defendant denies the allegations to the extent that Defendant denies that there is any actionable claim stated by Plaintiff.

169. In response to paragraph 169, Defendant lacks knowledge or information sufficient to form a belief regarding the information AXOS claims is "valuable confidential and property information and trade secrets" to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

170. In response to paragraph 170, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

17

**ANSWER TO SECOND AMENDED COMPLAINT**

based thereon, denies the allegations stated in this paragraph.

171. In response to paragraph 171, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

172. In response to paragraph 172, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

173. In response to paragraph 173, Defendant denies the allegations.

174. In response to paragraph 174, Defendant denies the allegations.

175. In response to paragraph 175, Defendant denies the allegations.

176. In response to paragraph 176, Defendant denies the allegations.

177. In response to paragraph 177, Defendant denies the allegations.

178. In response to paragraph 178, Defendant denies the allegations.

179. In response to paragraph 179, Defendant denies the allegations.

180. In response to paragraph 180, Defendant denies the allegations.

181. In response to paragraph 181, Defendant denies the allegations.

182. In response to paragraph 182, Defendant denies the allegations.

## SECOND CLAIM

**(Misappropriation of Trade Secrets – California Civil Code § 3426.1, et seq.)**

183. In response to paragraph 183, Defendant reincorporates by reference her responses to the allegations in paragraphs 1-182 as if fully set forth herein.

184. In response to paragraph 184, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

185. In response to paragraph 185, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

186. In response to paragraph 186, Defendant denies the allegations.

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**

187. In response to paragraph 187, Defendant denies the allegations.

188. In response to paragraph 188, Defendant denies the allegations.

189. In response to paragraph 189, Defendant denies the allegations.

190. In response to paragraph 190, Defendant denies the allegations.

191. In response to paragraph 191, Defendant denies the allegations.

192. In response to paragraph 192, Defendant denies the allegations.

193. In response to paragraph 193, Defendant denies the allegations.

194. In response to paragraph 194, Defendant denies the allegations.

## THIRD CLAIM

### (Intentional Interference with Contractual Relations)

195. In response to paragraph 195, Defendant reincorporates by reference her responses to paragraphs 1-194, as if fully set forth herein.

196. In response to paragraph 196, Defendant lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

197. In response to paragraph 197, Defendant lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

198. In response to paragraph 198, Defendant denies the allegations.

199. In response to paragraph 199, Defendant denies the allegation.

200. In response to paragraph 200, Defendant denies the allegations.

201. In response to paragraph 201, Defendant denies the allegations.

202. In response to paragraph 202, Defendant denies the allegations.

203. In response to paragraph 203, Defendant denies the allegations.

204. In response to paragraph 204, Defendant denies the allegations.

205. In response to paragraph 205, Defendant denies the allegations.

206. In response to paragraph 206, Defendant denies the allegations and denies that she interfered with AXOS's employment relations.

19

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

# FOURTH CLAIM

## (Intentional Interference with Prospective Economic Advantage)

207. In response to paragraph 207, Defendant reincorporate by reference her responses to the allegations in paragraphs 1-206 as if fully set forth herein.

208. In response to paragraph 208, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations.

209. In response to paragraph 209, Defendant lack knowledge or information sufficient to form a belief to admit or deny the allegations of this paragraph, and based thereon, denies the allegations stated in this paragraph.

210. In response to paragraph 210, Defendant denies the allegations.

211. In response to paragraph 211 Defendant admits that she was aware that Fortney, Martello, and Hasler had been employed by AXOS. Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, denies the remaining allegations.

212. In response to paragraph 212, Defendant denies the allegations.

213. In response to paragraph 213, Defendant denies the allegations.

214. In response to paragraph 214, Defendant denies the allegations.

215. In response to paragraph 215, Defendant denies the allegations.

# FIFTH CLAIM

## (Negligent Interference with Prospective Economic Advantage)

216. In response to paragraph 216, Defendant reincorporate by reference her responses to the allegations in paragraphs 1-215 as if fully set forth herein.

217. In response to paragraph 217, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, denies the remaining allegations.

218. In response to paragraph 218, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this

ANSWER TO SECOND AMENDED COMPLAINT

paragraph, and based thereon, denies the allegations stated in this paragraph.

219. In response to paragraph 219, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, denies the remaining allegations.

220. In response to paragraph 220, Defendant lacks knowledge or information sufficient to form a belief to admit or deny the remaining allegations of this paragraph, and based thereon, denies the remaining allegations.

221. In response to paragraph 221, Defendant denies the allegations.

## SIXTH CLAIM

### (Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)

222. In response to paragraph 222, Defendant reincorporate by reference her responses to the allegations in paragraphs 1-221as if fully set forth herein.

223. In response to paragraph 223, Defendant denies the allegations.

224. In response to paragraph 224, Defendant denies the allegations.

225. In response to paragraph 225, Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

Defendant SHELBY MARTELLO alleges the following affirmative defenses with respect to the purported claims for relief alleged in the Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendant alleges that the First Amended Complaint, and each cause of action set forth therein fails to state a claim against Defendant and further fails to state facts sufficient to constitute a cause of action against Defendant pursuant to Federal Rules of Civil Procedure 9, 12(b)(6) and other applicable law.

///

///

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

## SECOND AFFIRMATIVE DEFENSE

### (Information Was Readily Ascertainable by Proper Means)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendant alleges that the information which Plaintiff alleges was proprietary or confidential were readily ascertainable by proper means.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendant alleges that the Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendant alleges that Plaintiff failed to mitigate Plaintiff's damages, if any, such that Defendant's liability for Plaintiff's alleged damages, if any (and which Defendant denies), should be diminished to the extent of Plaintiff's failure to mitigate.

## FIFTH AFFIRMATIVE DEFENSE

### (No Proximate Cause Regarding Damages)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendant alleges that even assuming *arguendo* that Defendant was negligent with regard to any of the events set forth in the First Amended Complaint, which Defendant denies as set forth herein, that said

**ANSWER TO SECOND AMENDED COMPLAINT**

negligence did not serve as any proximate cause of any damages Plaintiff may have sustained.

## SIXTH AFFIRMATIVE DEFENSE

### (No Damages)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendant alleges that Plaintiff has not suffered any damages at the hands of Defendant and/or because of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendant alleges that Plaintiff is not entitled to recover attorney's fees in this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, Defendant, without admitting that the First Amended Complaint states a claim, alleges that Plaintiff's alleged remedies are limited to the extent that Plaintiff seeks overlapping and duplicative recovery.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendant alleges that the First Amended Complaint, as well as each cause of action set forth therein, is barred by the applicable statute of limitations.

///

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

23

**ANSWER TO SECOND AMENDED COMPLAINT**

## TENTH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

As a separate and distinct affirmative defense to the First Amended Complaint and each cause of action set forth therein, and without admitting that the First Amended Complaint states a claim, Defendant alleges that the First Amended Complaint and each cause of action therein are stated in conclusory terms, and therefore Defendant cannot fully anticipate all affirmative defenses that may be applicable to this action.  Accordingly, Defendant hereby reserves the right to add and allege additional affirmative defenses at a later point in this litigation (including, but not limited to, after further investigation and/or discovery), if and to the extent that such affirmative defenses are applicable to this action.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief and judgment as follows:

1. That the Court deny Plaintiff's prayer for relief in its entirety and that the Court enter judgment in Defendant's favor and against Plaintiff;

2. That the Court award Defendant her costs and expenses incurred in this action, as well as attorney's fees as permitted by law, plus interest; and

3. That the Court award Defendant such other and further relief that it deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant demands a trial by jury for all issues so triable.

Dated: May 22, 2023            MUCH SHELIST, P.C.

*/s/ Isaac R. Zfaty*

_____
ISAAC R. ZFATY
JONATHAN YANK
Attorneys for Defendant
SHELBY MARTELLO

**ANSWER TO SECOND AMENDED COMPLAINT**

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

1

## CERTIFICATE OF SERVICE

2

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, on May 22, 2023, I

3

served by email a copy of the attached document, **DEFENDANT SHELBY**

**MARTELLO, FORMERLY KNOWN AS AND ERRONEOUSLY SUED**

4

**HEREIN AS SHELBY POND'S ANSWER TO PLAINTIFF AXOS BANK'S**

5

**SECOND AMENDED COMPLAINT** on the following attorneys/parties:

6

7
K & L GATES LLP
Christina N. Goodrich

8
christina.goodrich@klgates.com
Zachary T. Timm

9
zachary.timm@klgates.com
Trevor J. Wynn

10
trevor.wynn@klgates.com

11
10100 Santa Monica Blvd. 8th Floor

12
Los Angeles, CA 90067

13
Attorneys for Plaintiff AXOS BANK

14
Executed on May 22, 2023 at Newport Beach, California.

15

16

17
_/s/Jacqueline Nguyen_

18
Jacqueline Nguyen

19

20

21

22

23

24

25

26

27

28

MUCH SHELIST P.C.
660 NEWPORT CENTER DRIVE, SUITE 900
NEWPORT BEACH, CA 92660

**ANSWER TO SECOND AMENDED COMPLAINT**