UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **EDCV 19-2092 JGB (SHKx)**   Date  June 20, 2023

Title  ***Axos Bank v. Nano Banc, et al.***

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**  Order (1) GRANTING Defendants' Motion to Set Aside Default (Dkt. No. 97); and (2) VACATING the June 26, 2023 Hearing (IN CHAMBERS)

Before the Court is a motion to set aside entry of default filed by Defendants Nano Banc and Robert Hasler ("Motion," Dkt. No. 97.)  The Court determines this matter is appropriate for resolution without a hearing.  See Fed. R. Civ. P. 78; L.R. 7-15.  After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Motion.  The June 26, 2023 hearing is **VACATED**.

## I.   BACKGROUND

Plaintiff Axos Bank ("Axos" or "Plaintiff") commenced this action on October 31, 2019, against defendants Nano Banc ("Nano"), Robert Hasler ("Hasler"), and Does 1 through 10. ("Complaint," Dkt. No. 1.)  On October 15, 2021, the Court granted the parties' joint stipulation to modify the Court's scheduling order and extend the deadline for Axos to file an amended complaint by October 22, 2021.  (Dkt. No. 42.)  On October 22, 2021, Axos filed a first amended complaint.  ("FAC," Dkt. No. 43.)

On April 14, 2023, the Court granted Axos' motion to file a second amended complaint. (Dkt. No. 82.)  On April 17, 2023, Axos filed a second amended complaint, the operative complaint, against Nano, Mr. Hasler, Mark Troncale, Shelby Pond, and Does 1 through 10 (collectively, "Defendants").  ("SAC," Dkt. No. 83.)  The SAC alleges seven causes of action: (1) misappropriation of trade secrets pursuant to 18 U.S.C. § 1836; (2) intentional interference

with contractual relations; (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; (5) breach of contract (only against Robert Hasler); (6) violation of California Unfair Competition Law, Cal. Civ. Code §§ 17200, et seq.; and (7) breach of contract (only against Shelby Pond). (See SAC.)

Defendants Nano and Mr. Hasler were served with the SAC at the time it was filed through the Court's CM/ECF Electronic Filing System. (Dkt. No. 89.) On May 3, 2023, Plaintiff filed a request for the Clerk to enter default against Hasler and Nano. (Dkt. No. 89.) The Clerk of this Court entered default against Hasler and Nano ("Defaulting Defendants") on May 4, 2023. (Dkt. No. 90.)

On May 5, 2023, Defaulting Defendants filed an answer to the SAC.[1] (Dkt. No. 93.) On May 9, 2023, Defaulting Defendants filed the Motion. (See Mot.) In support of the Motion, Defaulting Defendants filed the declaration of Jonathan D. Yank. ("Yank Decl.," Dkt. No. 97-2.) Axos filed a response to the Motion on May 22, 2023. ("Response," Dkt. No. 104.) Defaulting Defendants filed a reply on May 26, 2023. ("Reply," Dkt. No. 107.)

## II. LEGAL STANDARD

Rule 55(c) of the Federal Rules of Civil Procedure allows a district court to set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). The party seeking relief from default bears the burden of showing good cause. Franchise Holding II, LLC v. Huntington Rests. Grp., Inc., 375 F. 3d 922, 926 (9th Cir. 2004). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Id. at 925. "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." Mendoza v. Wight Vineyard Mgmt., 783 F. 2d 941, 945 (9th Cir. 1986).

"[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984). As such, the "rules for determining when a default should be set aside are solicitous towards movants[.]" United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1089 (9th Cir. 2010). Factors to be considered when deciding whether to set aside an entry of default for "good cause" include: (1) whether the defendant's "culpable conduct" led to the default; (2) whether the defendant can present a meritorious defense to the claim; and (3) whether the plaintiff would be prejudiced by setting aside entry of default. Falk, 739 F.2d at 463; American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). If

---

[1] Defaulting Defendants should have waited to file their answer to the SAC after the Court ruled on their Motion. See Aaron & Andrew, Inc. v. Sears Holding Mgmt. Corp., 2015 WL 3561656, at *2 (C.D. Cal. June 5, 2015) ("Entry of default . . . precludes a party from contesting liability.") Given that the Court grants Defaulting Defendants' Motion, the Court declines to strike the procedurally improper answer.

any one of these factors weighs against the defendant, a district court may refuse to set aside the default. Franchise Holding, 375 F.3d at 925–26.

### III. DISCUSSION

**A. Falk Factors**

    **1. Defendants' Culpable Conduct**

Defaulting Defendants' counsel, Jonathan Yank ("Yank"), asserts that Defaulting Defendants' failure to timely respond to the SAC resulted from: (1) excusable neglect caused by a calendaring error; and (2) Mr. Yank's subsequent failure to review communication from Plaintiff's counsel about passage of the filing deadline. (Mot. at 4-5.) Plaintiff argues that Defaulting Defendants' failure was one of numerous failures and suggests something more than a simple "calendaring error." (Response at 9.)

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), amended on denial of reh'g and reh'g en banc (May 9, 2001) (overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141 (2001) as recognized by NewGen, LLC v. Safe Cig, LLC, 840 F3d 606, 616 (9th Cir. 2016)). "To treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Mesle, 615 F.3d at 1092 (quotation omitted) (emphasis added).

Failure to answer the complaint for "understandable reasons . . . [that are] in no way designed to obtain strategic advantage in the litigation" does not amount to culpable conduct. TCI, 244 F.3d at 698. "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' . . . and is therefore not necessarily" culpable. Id. at 697–98.

The parties dispute whether Defaulting Defendants' conduct was culpable. Mr. Yank declares that due to an administrative error, the date for Defaulting Defendants to file a responsive pleading was not calendared. (Yank Decl. ¶ 7.) As a result, Mr. Yank asserts that he failed to prepare and file an answer on the date that it was due, May 1, 2023. (Id.) Mr. Yank further declares that on May 2, 2023, Plaintiff's counsel, Zach Timm ("Timm"), emailed Mr. Yank. (Id.) In the second paragraph of Mr. Timm's two paragraph email, Mr. Timm inquired about the status of Defaulting Defendants' answer to the SAC. (Id. ¶ 9; Exhibit 1.) Mr. Yank declares that he failed to notice or read the second paragraph in the small viewing panel of his laptop. (Id. ¶ 9.) Mr. Yank asserts that he only responded to the first paragraph of Mr. Timm's email regarding representation of the Defaulting Defendants, but did not respond as to the status of Defaulting Defendants' answer. (Id.)

The next day, May 3, 2023, Axos filed a request to the Clerk to enter default against Defaulting Defendants. (Id. ¶ 10.) The Clerk entered default the following day, May 4, 2023. (Id.) That day, Mr. Yank declares that he contacted Mr. Timm and proposed that if Axos stipulated to set aside the defaults, Defendants would stipulate to a modified scheduling order sought by Axos. (Id.) No agreement was reached. (Id.) On May 5, 2023, Mr. Yank filed Defaulting Defendants' answer to the SAC. (Id. ¶ 11.) Mr. Yank declares that there was no intention to delay or disrupt the proceedings. (Id. ¶ 12.) He declares that the calendaring error was inadvertent and that his failure to note Mr. Timm's inquiry about Defaulting Defendants' answer was not a result of any bad faith. (Id.)

Axos responds that Defaulting Defendants have at least four attorneys representing them on this case and it is unclear why their other attorneys were unable to timely file a response to the SAC. (Response at 6.) Given that Mr. Yank declared that he was the primary point of contact and that he dealt with the day-to-day litigation of the case, (Yank Decl. ¶ 3), the Court does not find that the fact that Defaulting Defendants' other three attorneys did not respond shows bad faith. Axos also highlights that Defaulting Defendants' counsel has had numerous failures regarding deadlines. Specifically, Axos contends that Defaulting Defendants' counsel did not timely respond to the FAC. (Response at 7.) Notably, Axos also states that the parties were in settlement discussions after the FAC was filed which suggests that Defaulting Defendants' counsel's delay in responding to the FAC was not in bad faith. Axos further contends that it needed to engage in discovery conferences because Defaulting Defendants' counsel did not deliver all responses to discovery requests in a timely fashion. (Id.) Axos also asserts that Defaulting Defendants' counsel filed an answer to the SAC on behalf of defendant Troncale a day after an answer should have been filed. (Id.)

The Court admonishes Defaulting Defendants' counsel for their failures in complying with deadlines. However, because Defaulting Defendants' delays were not more than a few days, the Court is unable to find that Defaulting Defendants acted with bad faith. See Bonita Packing Co. v. O'Sullivan, 165 F.R.D. 610, 614 (C.D. Cal. 1995) ("The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.") Accordingly, this factor weighs in favor of setting aside the default.

### 2. Defendants' Meritorious Defense

To satisfy the meritorious defense requirement, defendants "seeking to vacate a default judgment must present specific facts that would constitute a defense." Mesle, 615 F.3d at 1094 (international citations and quotations omitted). However, the burden to show a meritorious defense in support of a motion to set aside entry of default "is not extraordinarily heavy." Id. Defendants need only "allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." Id. (internal citations and quotations omitted). In other words, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993). Moreover, the

meritorious defense requirement is more liberally applied on a Rule 55(c) motion to set aside entry of default than on a Rule 60(b) motion to set aside default judgment. See Mesle, 615 F.3d at 1091 n.1.

In their Motion, Defaulting Defendants assert the following facts as defenses: (1) Axos possessed no trade secrets impacted by Nano Banc's asserted actions; (2) that neither defendant Hasler nor others took any purported trade secrets to Nano; (3) that Axos failed to protect its claimed "trade secrets," including by allowing myriad employees virtually unfettered access to them; (4) that the substance of some of those ostensible "trade secrets" was already known or possessed by Hasler before his employment with Plaintiff; and (5) that the allegedly-stolen customer list was comprised almost entirely of clients Hasler had before he ever worked at Axos. (Mot. at 3.) Defaulting Defendants have not provided evidence for these contentions, but because they only need to "allege sufficient facts that, if true, would constitute a defense," the Court finds that Defaulting Defendants have presented a meritorious defense. Mesle, 615 F.3d at 1094. The Court therefore concludes that the second factor weighs in favor of setting aside default.

### 3. Prejudice to Plaintiffs

A party is prejudiced when its ability to pursue its claim is hindered. TCI, 244 F.3d at 701. A plaintiff is not prejudiced merely by being forced to litigate its claim on the merits or by delaying resolution of the case. Id. Instead, to be prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." Id. (internal citation omitted). Denial of a "quick victory" or "the mere possibility of prejudice from delay, which is inherent in every case" is an insufficient basis for denial of relief sought by a defendant seeking to set aside entry of default. Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1225 (9th Cir. 2000).

In its Response, Axos does not assert that it will suffer any prejudice, thus it concedes this factor. Moreover, the Court is unable to find that Defaulting Defendants' four-day delay in filing their answer to the SAC has prejudiced Axos. By itself, mere delay in resolution of the case cannot constitute prejudice. TCI, 244 F.3d at 701. Accordingly, this factor therefore weighs in favor of setting aside the default.

### IV.  CONCLUSION

For the reasons above, the Court **GRANTS** the Motion and **VACATES** the June 26, 2023 hearing.

**IT IS SO ORDERED.**