**MUCH SHELIST, P.C.**
Isaac R. Zfaty, State Bar No. 214987
Jonathan D. Yank, State Bar No. 215495
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
Telephone: 949.767.2200
Facsimile: 949.385.5355
IZfaty@muchlaw.com
JYank@muchlaw.com

Attorneys for Defendants
NANO BANC, ROBERT HASLER, MARK TRONCALE AND SHELBY POND

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AXOS BANK, a federally chartered savings bank,<br><br>               Plaintiff,<br><br>     v.<br><br>NANO BANC, a California corporation; ROBERT HASLER, an individual; MARK TRONCALE, an individual; SHELBY POND, an individual; and DOES 1 through 10, inclusive,<br><br>               Defendants. | Case No.: 5:19-cv-02092-JGB-SHKx<br><br>District Judge: Hon. Jesus G. Bernal<br>Magistrate Judge: Hon. Shashi H. Kewalramani<br><br>**DEFENDANTS NANO BANC, ROBERT HASLER, MARK TRONCALE AND SHELBY POND'S OPPOSITION TO PLAINTIFF AXOS BANK'S MOTION TO EXCLUDE IMPROPERLY DISCLOSED WITNESSES; DECLARATION OF ISAAC R. ZFATY**<br><br>Hearing Date:   April 28, 2025<br>Time:                 9:00 a.m.<br>Ctrm:                 1 |

Defendants NANO BANC ("Nano"), ROBERT HASLER ("Hasler"), MARK TRONCALE ("Troncale"), and SHELBY POND ("Martello") (collectively, "Defendants") respectfully submit the following Opposition to Plaintiff AXOS BANK's ("Plaintiff" or "Axos") Motion to Exclude Improperly Disclosed Witnesses [Dkt No. 231].

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff's Motion to Exclude must be denied. Thirteen of the 15 witnesses at issue were known to Plaintiff and were disclosed by Plaintiff in its own Initial Disclosure. Those witnesses are customers which Plaintiff claims were improperly solicited and form the very basis of Plaintiff's Complaint. The remaining two witnesses at issue are Bill Wilson, who Defendants will call only as a rebuttal witness if Consent Orders pertaining to Nano are admitted at trial, and Michael Fortney, who is a former Nano employee that Plaintiff knew about but failed to depose.

Defendants identified "all persons disclosed by AXOS" in their respective Initial Disclosures. As discussed in the authorities cited below, this was sufficient and Defendants did not have an obligation to re-disclose Plaintiff's witnesses. Plaintiff has known the identities of the witnesses at issue for *years*. Defendants acted with substantial justification and Plaintiff will suffer no harm whatsoever if the witnesses—13 of which it designated itself—are permitted to testify at trial.

Plaintiff's request to exclude witnesses from trial is completely unwarranted and must be denied.

### II.   FACTUAL BACKGROUND

Plaintiff served its Initial Disclosure on February 21, 2020. (Zfaty Dec. Ex. 1.) In its witness designation, Plaintiff stated as follows:

> "Additional witnesses may include witnesses to Defendant's solicitation of employees, clients, and customers and the customers themselves, including *inter*

*alia,* those referenced in the Complaint.  The identities of those clients and customers currently known to Plaintiff will be provided once a Protective Order has been entered in this action." (Zfaty Dec. Ex. 1, p. 7.)

Nano served its Initial Disclosure on January 31, 2020.  (Zfaty Dec. Ex. 2.) As relevant here, Nano identified the following as witnesses: "All persons disclosed by AXOS," and "Any witnesses necessary to provide rebuttal testimony to any testimony, matter, document or fact raised or introduced by AXOS during the course of litigation and/or trial." (Zfaty Dec. Ex. 2, p. 3.)

For the first time on September 1, 2022, Plaintiff disclosed the names of thirty-five (35) client entities that it alleged—<u>at that time</u>—that Defendants had stolen by using Plaintiff's ostensible trade secrets.  (Zfaty Dec. ¶ 6, Ex. 5.)

The Initial Disclosures by Defendants Mark Troncale and Shelby Martello were served on May 26, 2023, and May 31, 2023, respectively.  The Initial Disclosures by these Defendants included the same witness designations as Nano's Initial Disclosures.  (Zfaty Dec. Ex. 3-4.)

Subsequently, Plaintiff's damages expert, Michael Cragg, produced a report in this case disclosing the names of fifteen (15) clients that Plaintiff <u>now claims</u> Defendants stole by alleged use of Plaintiff's ostensible trade secrets. According to Cragg's report, however, Plaintiff suffered no financial loss as a result of the alleged theft of two (2) of those client entities.  The remaining thirteen (13) supposedly stolen clients are those entities listed as witnesses in Defendants' witness list. (Zfaty Dec., ¶ 7.)

### III.   LEGAL ANALYSIS

**A. Legal Authority under FRCP Rule 37 (c)(1).**

Axos brings the instant Motion pursuant to Rule 37 (c)(1).  Rule 37 (c)(1) states as follows:

> "*Failure to Disclose or Supplement*.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that

3

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE IMPROPERLY DISCLOSED WITNESSES**

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.  In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

 A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

 B) may inform the jury of the party's failure; and

 C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

"If there is a Rule 37(c) violation, the nondisclosing party bears the burden of establishing that a failure to disclose was substantially justified or harmless. Murdick v. Catalina Marketing Corp., 496 F.Supp.2d 1337, 1345 (M.D. Fla. 2007). Substantial justification exists if there is justification to a degree that could satisfy a reasonable person that parties differ as to whether the party was required to comply with the disclosure request.  Hewitt v. Liberty Mut. Group, Inc., 268 F.R.D. 681, 682 ((M.D. Fla. 2010) (quotation and citation omitted).  A harmless failure to disclose exists 'when there is no prejudice to the party entitled to receive the disclosure.'" (Baldo v. Dolgencorp, LLC, 2014 WL 4749049, p. 3 (M.D. Fla. 2014).)

When a sanction amounts to dismissal of a claim or defense, the district court is required to consider whether the claimed noncompliance involved willfulness, fault or bad faith.  (R & R Sails, Inc. v. Insurance Co. of Pennsylvania, 673 F.3d 1240, 1247 (9th Cir. 2012).)  The Ninth Circuit has also recognized that when considering calling a witness not included on a pretrial witness list the following factors should be considered:

 1) the prejudice or surprise in fact of the party against whom the excluded witness would have testified;

 2) the ability of that party to cure the prejudice;

/ / /

    3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court; and

    4) bad faith or willfulness in failing to comply with the court's order.

Price v. Seydel, 961 F.2d 1470, 1474 (9th Cir. 1992).

Further, it must be noted that "it is a fundamental principle of pre-trial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable. Otherwise a pre-trial order or pre-trial statements would hold the parties in a vise, and the result might be just about as bad as a return to the old sporting theory of justice." Clark v. Pennsylvania R. Co., 328 F.2d 591, 594 (2nd Cir. 1964).

When a witness is identified by one party, the other party does not have a duty to re-disclose the witness. In Clifton v. Jeff Davis County, Georgia, 2018 WL 3785448, p. 3 (S.D. Ga. 2018), the Court held that Plaintiff had no obligation to disclose a witness who was disclosed by the Defendant. This was because the Defendant was already aware of the witness' existence as someone who might have knowledge of the facts underlying the case and had identified the witness in their disclosures. (*Id.*) Because the Plaintiff did not have a duty to re-disclose a relevant individual already known to Defendant, any purported violation of Rule 26 was substantially justified. (*Id.*) Further, even if there was an obligation to disclose, the failure to do so was harmless because the Defendant already knew the witness as demonstrated by its disclosure. (*Id.*) Thus, the Court found that sanctions under Rule 37 were not appropriate. (*Id.*)

Many cases have held that identification of witnesses by reference to the other party's disclosures is sufficient. In Federal Trade Commission v. Meta Platforms, Inc., 2022 WL 17553006, p. 1 (N.D. Cal. 2022), the Court held that

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE IMPROPERLY DISCLOSED WITNESSES**

Defendants timely disclosed the witnesses at issue by referring to the witnesses disclosed by Plaintiff. The Court held that even if the disclosures were untimely, prior identification by the Plaintiff "would render harmless any tardiness." (*Id.*) It is sufficient for a defendant to identify witnesses by incorporating them by reference to plaintiff's initial disclosures. (Zurich American Insurance Company v. Fluor Corporation, 2020 WL 5642315, p. 7 (E.D. MI 2020).)

In Torres v. Wells Fargo Bank, N.A., 2019 WL 7169790, p. 11 (C.D. Cal. 2019), the Court held that "the parties' initial disclosures were sufficient to put Plaintiffs on notice that Defendant may rely on the testimony" of district managers that were not identified by name. The Court held that it was sufficient for Defendant to identify its witnesses as "anyone that Plaintiffs may identify in their initial disclosures." (*Id.*) The Court held that even though the managers were not identified by name, "the formalistic requirement is less important, in this context, where Plaintiffs undoubtedly know the names of their own former direct supervisors." (*Id.*) Similarly, the Court in Beasley v. Bank, 2021 WL 9204484, p. 2 (M.D. Fla. 2021) held that identifying "Any individuals identified by the defendants or any other party," was sufficient to put the other party "on notice that any individuals disclosed by the parties (including itself) were subject to being introduced" as a witness.

### 1. Defendants Sufficiently Identified the Witnesses at Issue and the Witnesses were Known to Axos.

Contrary to Plaintiff's contentions, the witnesses at issue were sufficiently identified—by Plaintiff itself—and have been known to Plaintiff for years. Further, the witnesses at issue were each listed in Defendants' Motion for Summary Judgment (Doc 129) filed in July 2024. It is completely disingenuous for Plaintiff to claim that it did not know the identities of these witnesses—who are Plaintiff's own customers that are the basis of its claims. Plaintiff has no grounds

to assert that it could not have anticipated that these witnesses would be asked to testify at trial. Plaintiff knew the identities of these customers and was in fact in the best position to contact the customers as it had all of the relevant information pertaining to each.

Plaintiff's initial disclosures served on February 21, 2020, identify the following: "Additional witnesses may include witnesses to Defendant's solicitation of employees, clients, and customers and the customers themselves, including *inter alia,* those referenced in the Complaint." (See Zfaty Dec. Ex. 1.) The witnesses Plaintiff complains of in the instant Motion are customers which Axos claims were solicited by Defendants. Thus, these entities and their respective corporate representatives were known to Plaintiff and were identified in its Initial Disclosures.

In Nano, Martello, and Troncale's respective Initial Disclosures, they each identify as witnesses, "All persons disclosed by AXOS." (Zfaty Dec., Ex. 2-4.) As discussed in the authorities cited above, this indirect disclosure by the Defendants is sufficient to incorporate Plaintiff's disclosures by reference. Defendants did not have a duty to re-disclose Plaintiff's witnesses and, thus, their indirect disclosure was substantially justified. Further, as Plaintiff knows which customers were allegedly solicited and included such allegations in its Complaint, it cannot claim that it has suffered any harm. The potential witnesses and affected customers were known to Plaintiff. Further, because the witnesses at issue were Plaintiff's customers, Plaintiff had contact information for these witnesses in its possession, custody, and control. No further disclosure was required from Defendants pertaining to the witnesses at issue.

Even if it is assumed, *arguendo,* that Defendants had a duty to expressly disclose the witnesses at issue, specifically the customers allegedly solicited, any such failure to disclose was substantially justified and harmless, such that

sanctions under Rule 37(c) are unwarranted.  Plaintiff identified its customers as witnesses, and Defendants included in its disclosure all witnesses identified by Plaintiff.  Plaintiff knew the identities of the witnesses at issue since filing its Complaint and provided their names to Defendants years ago.  Defendants sufficiently identified the witnesses, and there is no showing of willfulness, fault, or bad faith.  The witnesses at issue were always known to Plaintiff.  There was no concealment or surprise.

### B. Witnesses May be Called for Rebuttal Testimony.

Defendants' respective Initial Disclosures also included the following disclosure: "Any witnesses necessary to provide rebuttal testimony to any testimony, matter, document or fact raised or introduced by AXOS during the course of litigation and/or trial." (Zfaty Dec. Ex. 2-4.)  Defendants reserved their right to call witnesses, even undisclosed witnesses, as rebuttal witnesses and the law supports that right.  See Clark, 328 F.2d 593-594; see also Riel v. Warden, 2010 WL 4628142, p. 5 (E.D. Cal. 2010); Prideaux v. Tyson Foods, Inc., 387 Fed.Appx. 474, 479; Murphy v. Magnolia Elec. Power Ass'n, 639 F.2d 232, 235 (5th Cir. 1981).  As relevant here, when a witness is known to the challenging party, there is no unfair surprise when a witness not expressly identified in pre-trial documents is called as a rebuttal witness.  Queenie, Ltd. v. Nygard Intern., 204 F.Supp.2d 601, 603 (S.D. NY 2002).

### C. Bill Wilson.

Bill Wilson is a person most qualified for Nano with respect to Consent Orders.  Axos only recently disclosed its intention to introduce evidence relating to Consent Orders against Nano at trial.  Nano has filed a Motion in Limine to exclude such evidence at trial; however, if Nano's Motion is denied and evidence relating to Consent Orders is admitted, Nano will need to call Mr. Wilson to testify regarding the Consent Orders.  Mr. Wilson is intended to be a rebuttal/

impeachment witness only. If Nano's Motion in Limine is granted or if Axos does not intend to introduce evidence and testimony relating to Consent Orders, Mr. Wilson will not need to be called as a witness. As supported by the authorities cited above, rebuttal witnesses may testify despite not being identified in pre-trial documents.

### D. Michael Fortney.

Michael Fortney was formerly an employee of Nano. While Mr. Fortney was employed by Nano, Nano's counsel assisted with scheduling Mr. Fortney's deposition. As noted on the deposition notice for Mr. Fortney, Much Shelist, P.C. is listed as counsel for Nano and Hasler only. (See Timm Dec., Ex. E.)

On or about April 17, 2023, Nano's counsel informed Plaintiff's counsel that Mr. Fortney was no longer employed by Nano and counsel could not get in contact with him. (See Timm Dec. Ex. A.) Nano's counsel was not, and is not, Mr. Fortney's personal counsel. For more than a year, Nano's counsel made clear to Plaintiff that they did not represent Fortney and were not able to contact him. (Zfaty Dec., ¶ 9.) Plaintiff failed to ever personally serve Fortney with any deposition subpoena and did not move to compel his appearance. Defendants have no control over Fortney and must not be sanctioned based on Plaintiff's failure to personally serve Fortney or move to compel his appearance.

### IV. CONCLUSION

Based on the foregoing, Defendants respectfully ask that the Court deny Plaintiff's Motion to Exclude in its entirety.

Dated: April 2, 2025                         MUCH SHELIST, P.C.

                                             /s/ Isaac R. Zfaty

                                             ISAAC R. ZFATY
                                             JONATHAN YANK
                                             Attorneys for Defendants NANO BANC,
                                             ROBERT HASLER, MARK TRONCALE
                                             AND SHELBY POND

# CERTIFICATE OF WORD COUNT

The undersigned, counsel of record for Defendants Nano Banc, Robert Hasler, Mark Troncale, and Shelby Pond (collectively "Defendants") certifies that this brief contains 2,379 words, which complies with the word limit of L.R. 11-6.1.

Dated: April 2, 2025

MUCH SHELIST, P.C.

/s/ Isaac R. Zfaty

---

ISAAC R. ZFATY
JONATHAN YANK
Attorneys for Defendants NANO BANC, ROBERT HASLER, MARK TRONCALE AND SHELBY POND