**K&L Gates LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California, 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
Connor J. Meggs (336159)
connor.meggs@klgates.com
Lauren E. Elvick (SBN 348619)
lauren.elvick@klgates.com

Attorneys for Plaintiff
AXOS BANK

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| AXOS BANK, a federally chartered savings bank,<br><br>    Plaintiff,<br><br>v.<br><br>NANO BANC, a California corporation; *et al.*,<br><br>    Defendants. | Case No.: 5:19-cv-02092-JGB-SHKx<br><br>[Assigned to the Hon. Jesus G. Bernal]<br><br>**PLAINTIFF AXOS BANK'S *EX PARTE* APPLICATION TO STRIKE DEFENDANTS' RULE 50 MOTION OR IN THE ALTERNATIVE, RESET THE HEARING ON AT LEAST 28 DAYS' NOTICE AS REQUIRED BY LOCAL RULE 6-1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF ZACHARY TIMM IN SUPPORT THEREOF; [PROPOSED] ORDER**<br><br>Trial: April 22, 2025 |

**EX PARTE APPLICATION TO STRIKE DEFENDANTS' RULE 50 MOTION**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to Local Rule 7-19, Plaintiff Axos Bank ("Plaintiff" or "Axos") will, and hereby does, respectfully submit this *Ex Parte* Application to Strike Defendants' Rule 50 Motion or in the alternative to reset the hearing on the Motion for at least 28 days' notice, as required by Local Rule 6-1. To the extent Defendants seek to vacate or continue the currently-scheduled May 20 punitive damages jury trial, Plaintiff requests that it not be vacated or continued and intends to proceed on that date as scheduled.

Good cause exists to strike Defendants' Motion, or in the alternative reset the hearing on the Motion for at least 28 days' notice as required by Local Rule 6-1 because Defendants filed their Motion (1) without providing *any* notice to Plaintiff, (1) without setting it for hearing on 28 days' notice as required by Local Rule 6-1, (3) without conducting a meet and confer as required by Local Rule 7-3, (4) without initially complying with Local Rule 11-6.1's word count requirement in that the Motion originally contained in excess of 7,000 words, and (5) without providing ex parte notice or showing why ex parte relief is appropriate (to the extent its Motion was intended as an ex parte application). Additionally, upon cursory review, Defendants' Motion contains multiple inaccuracies, including that it miscites authority and fails to notify the Court that it is relying on a dissent, instead of binding or persuasive authority. (*See, e.g.*, Mot. at 13, 18, 20, & 29 citing *Silverthorne Seismic, L.L.C. v. Sterling Seismic Services*, Ltd., 125 F.4th 593, 609 (5th Cir. 2025) as authority, but repeatedly failing to disclose to the Court **it is citing to the Dissent**, and further misleadingly omitting the word "may" from the language quoted on page 20 of the Motion).

Plaintiff respectfully requests this Application be considered on an ex parte basis because, given Defendants' decision to file a "Motion" set for hearing on 13 hours' notice (originally attempting to set the hearing for May 14, 2025 at 9:00 a.m.), the requested relief cannot be heard in any other manner. Indeed, if this Application is heard on regular notice under Court's Local Rules, it would be decided in a month, well

1

**EX PARTE APPLICATION TO STRIKE DEFENDANTS' RULE 50 MOTION**

after the May 14 hearing that Defendants unilaterally set in violation of the Local Rules and this Court's FAQs.[1]  Axos notes that, at approximately 12:53 a.m. on May 14—after Axos had given notice of its intention to file this Application—Defendants filed an "Amended Motion" which appears to unilaterally change the hearing date to May 16, 2025—which is still insufficient notice—and which now indicates a word count of 6,999.  This "Amended" motion notwithstanding, the arguments and reasoning herein remain applicable and valid, and Defendants' Motion should not be heard on approximately 60 hours' notice, with no showing of good cause of expedited hearing or briefing and no attempt to comply with the notice requirements under the Local Rules.Defendants' decision to ignore the Local Rules and attempt to decide for itself when this Motion would be heard is an attempt to delay or vacate the upcoming May 20, 2025 punitive damages phase of the jury trial.  Indeed, shortly after Defendants filed their Motion, their counsel emailed the Court's Courtroom Deputy acknowledging that the Motion was "not an ex parte," seeking assistance with setting the Motion for hearing on shortened time (despite not making the required showing that it be heard on shortened time), and *arguing* that the May 20 punitive damage jury trial is not needed due to this Motion.  Such conduct is entirely inappropriate.

Axos respectfully request that the Court issue an Order striking Defendants' Rule 50 Motion for their failure to comply with the Local Rules or in the alternative reset the hearing on the Motion for at least 28 days' notice.  Axos further requests that the Court confirm that the parties will proceed as scheduled with the upcoming May 20, 2025 punitive damages trial.

Pursuant to Local Rule 7-19.1, Axos's counsel gave oral notice of its intention to file this Application on May 13, 2025 at approximately 10:10 p.m.  (Timm Decl. at ¶

---

[1] [1] Defendants admit that their Motion is "not an ex parte." (Timm Decl. Ex. A (5/13/25 Zfaty email.)  But, if it were, Defendants still would not be permitted to unilaterally set their Motion for a hearing on 13 hours notice because the Court's FAQs clearly provide that "[e]x parte applications are considered on the papers and are not usually set for hearing."  https://www.cacd.uscourts.gov/honorable-jesus-g-bernal.

**EX PARTE APPLICATION TO STRIKE DEFENDANTS' RULE 50 MOTION**

4.)  Shortly after filing their Motion, Defendants' counsel emailed the Courtroom Deputy regarding the Motion and suggesting there was no need for the May 20 punitive damages jury trial.  (Timm Decl. Ex. A.)  Axos's counsel responded advising of its intent to move to strike the Motion, oppose it on its merits, and proceed with the May 20, 2025 punitive damages jury trial.  (Timm Decl. Ex. B.)  Counsel for Defendants has not responded as of early morning on May 14, 2025.  (*Id.* at ¶ 4.)  At approximately 12:53 a.m. on May 14, 2025, however, Defendants' filed an "Amended Motion" resetting the hearing for 9:00 a.m. on May 16, and stating the word count is now 6,999 words.

Pursuant to Local Rule 7-19, the contact information for all other parties in this action is as follows:

| | |
|---|---|
| Isaac R. Zfaty<br>Izfaty@muchlaw.com<br>Kaeleen E. N. Korenaga<br>KKorenaga@muchlaw.com<br>Jonathan Yank<br>JYank@muchlaw.com<br>MUCH SHELIST, P.C.<br>660 Newport Center Drive, Suite 900<br>Newport Beach, CA 92660<br>Tel: (949) 767-2200<br>Fax: (949) 385-5355 | *Attorneys for Defendants Nano Banc, Robert Hasler, Mark Troncale, and Shelby Pond* |

This Application is based on this Notice, the attached memorandum of points and authorities, accompanying declarations, the Court files and records in this action, and all matters that may be properly considered by the Court at the hearing on this motion.

Respectfully Submitted,

**K&L Gates LLP**

Dated:  May 14, 2025     By:  */s/ Zachary T. Timm*
Christina N. Goodrich
Zachary T. Timm
Connor J. Meggs
Lauren E. Elvick

*Attorneys for Plaintiff Axos Bank*

3

**EX PARTE APPLICATION TO STRIKE DEFENDANTS' RULE 50 MOTION**

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    <u>INTRODUCTION</u>

Plaintiff Axos Bank ("Axos" or "Plaintiff") brings this *Ex Parte* Application seeking an Order striking Defendants' Rule 50 Motion or in the alternative resetting the hearing on the Motion for at least 28 days' notice as required by Local Rule 6-1 because Defendants filed their Motion: (1) without providing **any** notice to Plaintiff, (2) without setting it for hearing on 28 days' notice as required by Local Rule 6-1, (3) without conducting a meet and confer as required by Local Rule 7-3, (4) without complying with Local Rule 11-6.1's word count requirement in that the Motion originally contained in excess of 7,000 words,[1] and (5) without providing ex parte notice or showing why ex parte relief is appropriate (to the extent its Motion was intended as an ex parte application).[2] Defendants' Motion, if heard on Defendants' requested minimal notice, would cause undue prejudice and irreparable harm to Plaintiff, who will have been deprived of an opportunity to meaningfully respond to the Motion. Thus, the Court should grant Plaintiff's Application.

## II.    <u>ARGUMENT</u>

A party seeking *ex parte* relief must show that it (1) "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures;" and (2) "is without fault in creating the crisis that requires ex parte relief, or that crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Axos satisfies both requirements because Defendants ambushed Axos with a last-minute filing with no

---

[1] Axos notes that, at approximately 12:53 a.m. on May 14—after Axos had given notice of its intention to file this Application—Defendants filed an "Amended Motion" which appears to unilaterally change the hearing date to May 16, 2025—which is still insufficient notice—and which now indicates a word count of 6,999. This "Amended" motion notwithstanding, the arguments and reasoning herein remain applicable and valid, and Defendants' Motion should not be heard on approximately 60 hours' notice, with no showing of good cause of expedited hearing or briefing and no attempt to comply with the notice requirements under the Local Rules.

[2] Defendant Nano Banc ("Nano"), Defendant Robert Hasler, Defendant Mark Troncale, and Defendant Shelby Martello (collectively, the "Defendants").

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

advance notice and no meaningful opportunity to respond given that they unilaterally set their Motion for hearing **on 13 hours' notice**.   Defendants' subsequent amendment—after receiving notice of Axos's intention to file this Application—does little to address this concern, as it would still have a dispositive motion heard on approximately 60 hours' notice with no prior meet and confer and extraordinarily limited time for Axos to respond.  Defendants have not even attempted to show exigent circumstances warranting an expedited hearing, much less one on no notice and mere hours from the time of filing.   This disregard for procedure is unwarranted and disruptive to these proceedings, as it appears intended to divert resources away from preparing for and conducting the punitive damages phase of the jury trial, currently set for May 20.  (*See* Timm Decl. Ex. A.)  Thus, for these reasons and those set forth in further detail below, there is ample good cause to grant ex parte relief.

Axos will suffer irreparable prejudice if this Application is heard on regular notice. "To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion… If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits.  If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm." *Mission Power Eng'g Co.*, 883 F. Supp. at 492.  Here, if this Application is heard on 28 days' notice per Local Rule 6-1, the Court may have already decided Defendants' Motion, which seeks to vacate the jury's award in this case, resulting in substantial prejudice to Axos.  Given that such harm is drastic and involves the merits of this dispute, Axos is entitled to have a meaningful opportunity to respond to the Motion, as is provided under the Local Rules.  Thus, the Court should either strike the Motion (forcing Defendants to re-file it on regular notice) or reset the hearing on at least 28 days' notice.

Axos is completely without fault in creating the crisis necessitating *ex parte* relief.  "To show that the moving party is without fault … requires more than a showing

**MEMORANDUM OF POINTS AND AUTHORITIES**

that the other party is the sole wrongdoer.  It is the creation of the crisis – the necessity for bypassing regular motion procedures – that requires explanation." *Mission Power Eng'g Co*, 883 F.Supp. at 493.  Defendants, alone, made the decision to disregard the Local Rules, refused to provide Axos with any notice of its Motion, and set the matter for hearing on 13 hours' notice (subsequently amended to approximately 60 hours' notice), while attempting to vacate the upcoming May 20 punitive damages jury trial. Axos was left with no alternative but to file this Application to ensure that it obtains sufficient time to oppose the Motion on the merits and according to the Local Rules.

Finally, the Application should be granted because Axos "seeks a routine procedural order that cannot be obtained through a regularly noticed motion (i.e., to file an overlong brief or shorten the time within which a motion may be brought)." *Horne v. Wells Fargo Bank, N.A.*, 969 F.Supp.2d 1203, 1205 (C.D. Cal. 2013). This is precisely what Axos seeks—a routine procedural order striking an improperly filed Motion or in the alternative resetting the hearing according to the Local Rules on at least 28 days' notice.  Indeed, Defendants' Motion is defective for multiple reasons, including because Defendants (1) failed to provide ***any*** notice to Plaintiff, (1) failed to set it for hearing on 28 days' notice as required by Local Rule 6-1, (3) failed to conduct a meet and confer as required by Local Rule 7-3, and (4) failed to provide ex parte notice or showing why ex parte relief is appropriate (to the extent its Motion was intended as an ex parte application).[3]  As stated above, Defendants' failure to provide any notice to Axos and its decision to set their Motion on 13 hours' notice—amended to 60 hours' notice after receiving notice of Axos's intention to file this Application, but without further communications to Axos's counsel in response to such notice— provides Axos with no meaningful opportunity to respond, which it intends to do.  Axos respectfully requests that it be given the opportunity to do so.

---

[3] Defendants initial word count certification also admitted that the Motion was 7,098 words without any request for relief from the word count or prior order allowing such relief.  (DE 306. at 33.)  Defendants' "Amended" Motion, which was filed after Axos gave notice of its intention to file this Application, states a word count of 6,999 words.

3

**MEMORANDUM OF POINTS AND AUTHORITIES**

## III.   CONCLUSION

For the foregoing reasons, Axos respectfully requests that the Court grant Axos' Application.

Respectfully submitted,

Dated:  May 14, 2025

**K&L GATES LLP**

By: */s/ Zachary T. Timm*

Christina N. Goodrich
Zachary T. Timm
Connor J. Meggs
Lauren E. Elvick

## LOCAL RULE 11-6.1 CERTIFICATION

The undersigned, counsel of record for Plaintiff Axos Bank, certifies that this brief contains 1,176 words, which complies with the word limit of L.R. 11-6.1.

Dated:  May 14, 2025

By: */s/ Zachary T. Timm*

Christina N. Goodrich
Zachary T. Timm
Connor J. Meggs
Lauren E. Elvick

**MEMORANDUM OF POINTS AND AUTHORITIES**