UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 19-2092 JGB (RAOx)** | Date | November 20, 2025 |
|---|---|---|---|
| Title | ***Axos Bank v. Nano Banc, et al.*** | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Plaintiff's Motion for Approval of Bond and Stay of Enforcement (Dkt. No. 412) and (2) VACATING the hearing on November 24, 2025 (IN CHAMBERS)**

    Before the Court is Plaintiff's Motion for Approval of Bond and Stay of Enforcement Pursuant to FRCP 62. ("Motion," Dkt. No. 412.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of, and in opposition to the Motion, the Court **GRANTS** the Motion and **STAYS** enforcement of the judgment. The Court **VACATES** the November 24, 2025 hearing.

## I. BACKGROUND

    On October 31, 2019, plaintiff Axos Bank ("Plaintiff" or "Axos") initiated this action against defendants Nano and Does 1 through 10, inclusive. ("Complaint," Dkt. No. 1.) The Complaint alleged six claims: (1) misappropriation of trade secrets, 18 U.S.C. § 1836; (2) misappropriation of trade secrets, Cal. Civ. Code § 3426, et seq.; (3) intentional interference with contractual relations; (4) intentional interference with prospective economic advantage; (5) negligent interference with prospective economic advantage; (6) violation of California's Unfair Competition Law, Cal. Civ. Code §§ 17200, et seq. ("UCL"). (See id.) On October 22, 2021, Plaintiff filed a first amended complaint. ("FAC," Dkt. No. 43.) On April 17, 2023, Plaintiff filed a second amended complaint. ("SAC," Dkt. No. 83.) Plaintiff brought the SAC against defendants Nano, Hasler, Troncale, Martello, and Does 1 through 10, inclusive. (Id.) Plaintiff alleged seven claims: (1) misappropriation of trade secrets, 18 U.S.C. § 1836; (2) intentional interference with contractual relations; (3) intentional interference with prospective economic advantage; (4) negligent interference with prospective economic advantage; (5) breach of

contract (as to Hasler); (6) violation of UCL; and (7) breach of contract (as to Martello). (See id.) On July 1, 2024, Defendants filed a motion for summary judgement. (Dkt. No. 129.) On July 15, 2024, Plaintiff opposed the Motion. (Dkt. No. 133.) On July 22, 2024, Defendants replied in support of the Motion. (Dkt. No. 177.) On August 8, 2024, the Court denied the Motion for Summary Judgement. (Dkt. No. 201.)

This case subsequently went to trial before a jury on April 22, 2025. (Dkt. No. 276.) On May 1, 2025, Defendants filed a motion for judgment as a matter of law. (Dkt. No. 286.) On May 7, 2025, the jury returned a verdict for Plaintiff. ("Verdict Form," Dkt. No. 297.) On March 13, 2025, Defendants filed a renewed motion for judgement as a matter of law. (Dkt. No. 306.) On May 14, 2025, Plaintiff filed an ex parte application to strike the renewed motion for judgement as a matter of law. (Dkt. No. 308.) The Court granted the ex parte application to strike the renewed motion for judgement as a matter of law on May 16, 2025. (Dkt. No. 312.) Defendants filed a rule 50(b) motion for judgement as a matter of law on March 30, 2025. (Dkt. No. 327.) Plaintiff filed its opposition on June 9, 2025. (Dkt. No. 330.) Defendants replied on June 16, 2025. (Dkt. No. 346.) The Court denied the rule 50(b) motion for judgement as a matter of law on August 13, 2025. (Dkt. No. 357.)

On August 25, 2025, Plaintiff filed a motion for attorneys' fees. (Dkt. No. 361.) On August 28, 2025, Defendants filed a motion to alter judgement. ("Motion to Alter Judgement," Dkt. No. 366.) On September 2, 2025, Defendants filed a notice of appeal to the Ninth Circuit. ("Notice of Appeal," Dkt. No. 369.) On September 9, 2025, the Clerk entered an abstract of judgement against Nano in the amount of $14,000,000.00. ("Judgment," Dkt. No. 381.) On September 15, 2025, Defendants opposed the motion for attorneys' fees. (Dkt. No. 391.) On September 29, 2025, Plaintiff replied in support of the motion for attorneys' fees. (Dkt. No. 393.) That same day, Plaintiff opposed the motion to alter judgement. (Dkt. No. 394.) On November 17, 2025, Defendants replied in support of the motion to alter judgment. (Dkt. No. 425.)

On October 3, 2025, the Clerk entered a Bill of Costs in the amount of $37,074.94. ("Bill of Costs," Dkt. No. 399.) On October 6, 2025, defendant Nano Banc filed a notice of undertaking. ("Notice," Dkt. No. 402.) Nano attached to the notice of undertaking the undertaking in the amount of $17,574,335.00. ("Bond," Dkt. No. 402-1.) On October 8, 2025, Defendants filed an ex parte application for approval of bond and stay of enforcement pursuant to FRCP 62. ("Ex Parte Application," Dkt. No. 404.) On October 9, 2025, Plaintiff opposed the Ex Parte Application. (Dkt. No. 405.) On October 13, 2025, Defendants replied. (Dkt. No. 406.) On October 22, 2025, Nano filed this Motion. (Motion.) On November 3, 2025, Plaintiff opposed the Motion. ("Opposition," Dkt. No. 420.) On November 10, 2025, Nano replied in support of the Motion. ("Reply," Dkt. No. 424.)

//
//
//
//

## II. LEGAL STANDARD

Rule 62(d) of the Federal Rules of Civil Procedure provides that "if an appeal is taken, the appellant may obtain a stay by supersedeas bond." Fed. R. Civ. P. 62(d). "The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Id. "[A] party taking an appeal from the District Court is entitled to a stay of a money judgment as a matter of right if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." American Mfrs. Mut. Ins. Co. v. American Broadcasting–Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) (Harlan, J., in chambers). (emphasis added); see also Nat'l Labor Relations Bd. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (per curiam) (under Rule 62(d), parties appealing from money judgments have the right to an "automatic stay"); Federal Prescription Serv. v. American Pharmaceutical Ass'n, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."). The purpose of a supersedeas bond is to protect prevailing parties from the risk of a later uncollectible judgment and compensate them for delay in the entry of final judgment. NLRB v. Westphal, 859 F.2d 818, 819 (9th Cir.1988).

## III. DISCUSSION

Defendant Nano moves this Court to approve a supersedeas bond in the amount of 125% of the total judgement and to stay enforcement of the judgement. (Mot. at 2.) Plaintiff opposes on three grounds: (1) Nano's notice of appeal was not effective and any supersedeas bond posted on the basis of that appeal is similarly not effective, (2) the terms of the supersedeas bond are insufficient to protect Plaintiff's interests, and (3) the amount of the supersedeas bond is insufficient to protect Plaintiff's interests. (Opp. at 5-6.) The Court takes each argument in turn.

### A. Notice of Appeal

Plaintiff first argues that Nano's notice of appeal was "ineffective as a matter of law" thereby rendering the bond ineffective. (Mot. at 9-10.) Plaintiff contends that Nano's notice of appeal is ineffective due to Nano's previously pending Motion to Alter Judgement. (Mot. at 10.) However, Federal Rule of Appellate Procedure 4(a)(4) states that "when a notice is prematurely filed, it shall be in abeyance and become effective upon the date of entry of an order disposing of the Rule 59(e) motion." Schroeder v. McDonald, 55 F.3d 454, 458 (9th Cir. 1995) (citing Fed. R. App. P. 4(a)(4).) Fed. R. App. P. 4(a)(4) superseded the previous rule that a notice of appeal would have no effect during the pendency of a Rule 59 motion. Id. Plaintiff cites to no authority holding that a notice of appeal is ineffective for purposes of posting a supersedeas bond while a Rule 59 motion is pending. (See Opp.) Because the appeal is merely held in "abeyance," the Court concludes that the notice of appeal is not ineffective. Fed. R. App. P. 4(a)(4).

//
//
//
//
//

### B. Terms of the Supersedeas Bond

Plaintiff next argues that the terms of the Supersedeas Bond are insufficient to protect Plaintiff. (Opp. at 11.) First, Plaintiff expresses concern that any interruption of the appeal, such as dismissing, withdrawing, abandoning, or untimely filing the appeal, would prevent Plaintiff from collecting the bond. (Id.) The language of the bond states that:

> [T]he condition of this obligation is that if said Principal, as Appellant, shall prosecute the appeal to effect and shall satisfy the said award in full, together with costs, interest, and damages for delay if the appeal is finally dismissed or if the award is affirmed, or shall satisfy in full such award as modified together with such costs, interest, and damages as the court of appeals may adjudge and award, then this obligation shall be void; otherwise it shall remain in full force and effect.

(Bond.) The Court understands this language to provide that Nano will only recover the Bond if Nano fully prosecutes the appeal and pays the judgement if (1) the appeal is dismissed, (2) the judgement is affirmed, or (3) pays the judgment as modified by the Ninth Circuit. Failure to fully prosecute the appeal will prevent Nano from recovering the Bond. The Court's reading conforms with that proffered by Nano. (Reply at 3-4.) Thus, any interruption in the appeal will render the bond enforceable. Plaintiff points to no specific language in the Bond to support its argument. (See Opp.) The Court finds this argument unavailing.

Second, Plaintiff argues that the Bond will not survive the length of the appeal because the Certificate of Authority of the Surety expires on July 31, 2026 and the Power of Attorney as to the Bond expires on April 23, 2026. (Opp. at 11-12.) Nano counters that these documents are "routinely renewed in the ordinary course of business." (Reply at 4.) Critically, Nano "commits" to renewing these documents and "maintaining continuous coverage" throughout the appeal. (Id.) Plaintiff makes no argument that these documents cannot be renewed or that Nano would not renew them. Plaintiff cites to no authority for the proposition that the supporting documents for a Bond must be valid for any specific period of time. As a result, the Court similarly finds this argument unavailing.

Third, Plaintiff argues that it is unclear whether the bond has actually been paid for and issued. (Opp. at 12.) However, Plaintiff does not specify why it contends that the bond may not have been paid for and issued. (See id.) Nano filed the Bond with the Clerk on October 6, 2025. (Bond.) Without more information, this argument is baseless.

Fourth and last, Plaintiff argues that Axos may not be adequately protected in the case of a merger or acquisition because the Bond only identifies Axos as the Obligee. (Opp. at 12.) The Court agrees with Nano that this argument is speculative. (Reply at 4-5.) Nano further indicated its willingness to work with Axos to alleviate any concerns it may have. (Id. at 5.)

In summary, the Court finds that the arguments raised by Plaintiff as to the terms of the supersedeas bond are unpersuasive. Because "an appellant may obtain a stay as a matter of right

by posting a supersedeas bond acceptable to the court," the Court must next determine if the amount of the bond is acceptable. Matter of Combined Metals Reduction Co., 557 F.2d 179, 193 (9th Cir. 1977) (citing Fed. R. Civ. P. 62(d)).

### C. Amount of the Supersedeas Bond

Finally, Plaintiff urges the Court to increase the amount of the supersedeas bond to 150% of the judgment, instead of the 125% posted by Nano. (Opp. at 14.) Although Plaintiff spills much ink refuting Nano's argument that its posting of a bond equal to 125% of the judgment is more than double what would be required if the Motion to Alter Judgement is granted, the Court starts from the premise that the Bond amount equals 125% of the Judgement. (Id. at 15-17.)

"Generally, the 'purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required.'" Pac. Reinsurance Mgmt. Corp. v. Ohio Reinsurance Corp., 935 F.2d 1019, 1027 (9th Cir. 1991) (citing Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987)). District courts have "inherent discretionary authority" in determining the amount of a supersedeas bond. Rachel, 831 F.2d at 1505 n.1. Courts generally impose supersedeas bonds in the amounts of 125% to 150% of the judgement. Trautt v. Keystone RV Co., No. 2:19-CV-00342-RAJ, 2021 WL 4860810, at *2 (W.D. Wash. Oct. 19, 2021). This Court has previously imposed bonds in the amount of 125%. See, e.g., Jang v. Sagicor Life Ins. Co., No. EDCV 17-1563-JGB-KKX, 2019 WL 6434766, at *4 (C.D. Cal. July 10, 2019); WB Music Corp. v. Royce Int'l Broad., No. EDCV 16-600-JGB-DTB, 2018 WL 6265000, at *3 (C.D. Cal. Oct. 4, 2018). Here, Axos concedes that the posted Bond would cover the Judgement, the costs awarded Axos in the Bill of Costs, plus the majority of Axos's requested attorneys' fees and costs. (Opp. at 18.) Axos requests a supersedeas bond of 150% to cover the full attorneys' fees and costs requested, as well as future attorneys' fees and costs related to the appeal, and post-judgement interest. (Id.) Axos assumes that the appeal will be lengthy, around two years, and, as a result, "Nano's total liability will quickly eclipse" the Bond of 125% of the judgement. (Id. at 19.) Plaintiff provides no reason why the appeal would be lengthy, other than that the case is currently stayed awaiting this Court's disposition of the Motion to Alter Judgement. (Id.)

Because the posted Bond in the amount of 125% of the judgement is in line with the bond amounts this Court has previously imposed, along with other courts, and because Plaintiff has not raised any special circumstances warranting a higher bond, the Court **APPROVES** the Bond of 125% of the Judgment. Accordingly, the Court **STAYS** the enforcement of the Judgement as to Nano.

### IV.   CONCLUSION

In light of the above, the Court **GRANTS** Defendant Nano's Motion. The Court **VACATES** the hearing set for November 24, 2025.

**IT IS SO ORDERED.**